FRED JOHANSEN, APPELLEE, v. UNION STOCK YARDS COM-
PANY, APPELLANT.

FILED FEBRUARY 5, 1916. No. 19457.

1. **Employers' Liability Act: "ACCIDENT," "INJURY."** The employers'
liability act defines the words "accident" and "injury" as used in
that statute, and distinguishes between them. An accident pro-
duces "objective symptoms of an injury," and an injury includes
violence to the physical structure of the body and the natural re-
sults therefrom. Rev. St. 1913, sec. 3693b.

2. **Master and Servant: INJURY TO SERVANT: EMPLOYERS' LIABILITY
ACT: WHEN INJURY OCCURS.** When an accident to an eye, which
at first appears not serious, results, after a week or more, in a
diseased condition of the eye which destroys the sight, the "in-
jury occurred," within the meaning of the statute, when the dis-
eased condition culminated.

3. ———: ———: ———: JUDGMENT. The district court cannot en-
ter judgment for a "lump sum" under the employers' liability act
without the agreement of the parties.

APPEAL from the district court for Douglas county:
WILLIS G. SEARS, JUDGE. *Reversed, with directions.*

*Mahoney & Kennedy* and *Guy C. Kiddoo*, for appellant.

*Murphy & Winter*, contra.

SEDGWICK, J.

While the plaintiff was employed by defendant, he was
injured by an accident which caused the loss of an eye.
He brought this action in the district court for Douglas
county under the employers' liability act, and obtained a
judgment, from which the defendant has appealed.

The defendant presents two principal questions for our
consideration: First. Has there been a substantial com-

pliance with section 3674 of the Revised Statutes,which provides: "No proceedings for compensation for an injury under this article shall be maintained, unless a notice of the injury shall have been given to the employer as soon as practicable after the happening thereof; and unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same." Second. Can the district court enter a judgment for a lump sum without an agreement of the parties to that effect?

The plaintiff alleged in his petition that on the 18th day of December, 1914, he "was engaged as one of the men in putting the roofing on the hog-house, one of the buildings being erected and constructed by the said company, and while so engaged, and while preparing a tar mixture and composition used in the construction of said roofing, by reason of the splashing of the hot tar mixture, a portion of which struck plaintiff in the left eye," he lost the eye. He also alleged that the defendant company, in charge of the plant "in which plaintiff was working, knew of the injury and talked to the plaintiff about it, advising this plaintiff to go and consult a physician with reference to said injury," and that the plaintiff lost the sight of his eye, "which loss of sight occurred on or about June 1, 1915," and that "within six months after the occurrence of said injury the plaintiff herein made claim to defendant company for his compensation, as by law required." This notification was in a letter written to the defendant by plaintiff's attorney and is conceded to be sufficient in form, but the defendant alleges that the notice was dated June 19, 1915, and was not within six months after the injury. It is conceded that the accident happened more than six months before this claim was made. The trial court found "that said accident resulted in a total disability to plaintiff on December 25, 1915."

The statute defines the word "accident" and the word "injury" as used in the act and distinguishes between them.

"The word 'accident' as used in this article shall, unless a different meaning is clearly indicated by the context, be construed to mean an unexpected or unforseen event, happening suddenly and violently, with or without human fault, and producing at the time objective symptoms of an injury. The terms 'injury' and 'personal injuries' shall mean only violence to the physical structure of the body and such disease or infection as naturally results therefrom." Rev. St. 1913, sec. 3693b.

The evidence was without contradiction that the employees who were working with the plaintiff at the time treated the boiling over of the tar and its effects upon those working over it in the nature of a joke, not realizing that any one had been seriously injured. The plaintiff himself was not aware of the effects that would "naturally result therefrom." The plaintiff went to his home the night after the accident, and he testified that, with the help of his niece, who was living with him, he washed his eye with warm water, and they appear to have so continued treating it, without realizing what might result from the accident, for several days, until about the 25th day of December, when he was induced to consult a physician, who advised him to go to a hospital and consult an expert. This he accordingly did, and was informed that his eye was in a serious condition and might result very unfavorably. During this time apparently, from this evidence, the injury resulting from the accident gradually became developed, and it cannot be said that the injury resulted from the accident, within the meaning of the statute, before the time it was discovered that it might become permanent, which was some time after the 25th of December. This evidence clearly justifies the finding of the trial court, under this statute, that the accident resulted in a total disability to plaintiff on December 25, 1915. It also appears from the evidence that the plaintiff's foreman knew of the accident at the time, or very soon after it occurred. He so testifies himself. He could not, of course, then have known of the injury as it finally developed.

The defendant quotes from a decision of the supreme court of Wisconsin in *City of Milwaukee v. Miller,* 154 Wis. 652, in which that court construes their statute, which provides that the employer shall furnish medical and surgical treatment, etc., "and in case of his neglect or refusal seasonably to do so, the employer to be liable for the reasonable expense incurred by or on behalf of the employee in providing the same." This statute is so unlike ours that its construction by that court can furnish us no precedent. It is, of course, necessary that our statute should be substantially complied with, which in this case we think has been done.

The remaining question discussed in the briefs was presented and determined in *Pierce v. Boyer-Van Kuran Lumber & Coal Co., ante,* p. 321. For the reasons there given, we must hold that the trial court could not commute to a lump sum periodical payments found due under the statute, without an agreement to that effect by the parties.

The judgment of the district court is therefore reversed and the cause remanded, with instructions to enter a judgment for periodical payments as provided by the statute. The costs of this appeal will be taxed to the parties incurring the same.

REVERSED.