JOSEPH ESPOSITO *vs.* THE MARLIN-ROCKWELL CORPORATION ET AL.

Third Judicial District, Bridgeport, April Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

The plaintiff, on some undetermined date between March 3d, 1919, and May 6th, 1919, received an injury, arising out of and in the course of his employment, which was occasioned by a sudden strain and which gave rise to a hernia. He immediately notified his employer, but continued his employment until January 10th, 1920, when he was obliged to cease work. No written notice of a claim for compensation was ever given, but the Compensation Commissioner, on April 17, 1920, assigned a hearing for May 3d, 1920. The defendants claimed that no compensation should be awarded, since neither written notice nor assignment for hearing had been made "within one year from the date of the injury," as required by the statute (§ 5360). *Held* that the term "date of the injury" in this section, referred not to the date of the accident or occurrence which injured the employee, but to date when the injury became compensable, and hence the subject of a claim for compensation; that under § 5348 of the General Statutes, an injury did not become compensable until its results had incapacitated the em-

ployee for a period of moie than seven days from earning full
wages at his customary employment, and that, as the date of
compensable injury in this case was therefore January 17th, 1920,
the plaintiff was entitled to compensation.

Argued April 12th—decided June 1st, 1921.

APPEAL from the refusal of the Compensation Com-
missioner of the third district to award compensation to
the plaintiff, taken to and reserved by the Superior
Court in New Haven County, *Webb, J.*, upon the finding
of the Commissioner, for the advice of this court. *Judg-
ment advised sustaining the appeal, vacating the award,
and directing the Commissioner to make an award in
favor of the plaintiff.*

The finding shows that at all times between the 3d
day of March, 1919, and the 6th day of May, 1919, the
plaintiff was in the employ of the Marlin-Rockwell
Corporation, and, upon a day between those dates,
received an injury, arising out of and in the course of
such employment, which was occasioned by a sudden
strain while lifting a heavy table and which gave rise
to a properitoneal hernia. On the occurrence of the
strain the plaintiff at once reported the same to the
medical representative of his employer, who examined
him and advised him.

The plaintiff continued to work, but, in general, upon
lighter tasks, until January 10th, 1920, when he was
obliged to cease work because of the hernia. The
plaintiff at no time gave any written notice of his claim
for compensation, nor did he at any time request a
hearing of his claim. No voluntary agreement has at
any time been submitted.

On April 17th, 1920, the plaintiff's claim was assigned
for a hearing on May 3d, 1920, and, upon due notice,
hearings were held on May 3d, 1920, and by continuance
on May 17th and 18th, 1920. No assignment was made
earlier than April 17th, 1920. No prejudice in fact

resulted to the employer because of the lapse of time between the strain and the assignment of the hearing.

*Arthur B. O'Keefe* and *Anthony P. Adinolfi,* for the plaintiff.

*Philip Pond,* with whom, on the brief, was *William H. Hitchings,* for the defendants.

CURTIS, J.  The plaintiff suffered the strain on some undetermined day between March 3d, 1919, and May 6th, 1919.  On the day of the strain he notified his employer of his injury.  No question therefore arises under General Statutes, § 5347, which provides that "any employee who has sustained an injury in the course of his employment shall forthwith notify his employer, or some person representing him, of such injury."  The plaintiff was able to continue his employment until January 10th, 1920, when he was obliged to cease work for a long period because of the hernia caused by the strain received between March 3d, 1919, and May 6th, 1919.  No written notice of a claim for compensation was ever given, but an assignment for a hearing to be held on May 3d, 1920, was made by the commissioner on April 17th, 1920.

The essential question presented in this case is whether the provisions of General Statutes, § 5360, bar a recovery under the facts stated, because no written notice of a claim for compensation was given within one year from the date of the strain.

Section 5360 provides, in part, as follows: "No proceedings for compensation . . . shall be maintained unless a written notice of claim . . . is made within one year from the date of the injury . . . but where there has been . . . an assignment for hearing within one year from the date of the injury, . . . no want of such

notice of claim shall be a bar to the maintenance of proceedings."

If the term "date of the injury," in § 5360, means the date of the accident or occurrence which injured the employee, then, since the plaintiff was unable to prove that the accident occurred after April 17th, 1919, and no written notice of claim was made, the plaintiff is barred a recovery by the provisions of § 5360.

The plaintiff claims that the term "injury," in § 5360, does not mean the date of the accident or occurrence which caused the injury, but the date when the state of facts arose which first entitled the plaintiff to compensation. In other words, he claims that "date of the injury," in § 5360, means date of compensable injury.

Section 5348 determines the date of a compensable injury. This section provides as follows: "No compensation shall be payable for total or partial incapacity under the provisions of this chapter on account of an injury which does not incapacitate the injured employee for a period of more than seven days from earning full wages at his customary employment; but if incapacity extends beyond a period of seven days compensation shall begin at the expiration of the first seven days of total or partial incapacity."

The date of compensable injury, therefore, is when the accident or occurrence and its results incapacitate the employee for a period of more than seven days from earning full wages at his customary employment.

As incapacity in this case began on January 10th, 1920, and continued for more than seven days, the date of compensable injury began at the expiration of the first seven days of incapacity—that is, on January 17th, 1920.

As there was an assignment for a hearing of this claim by the commissioner on April 17th, 1920, less than one year from January 17th, 1920, then, if we construe the

term "date of the injury," in § 5360, as the date of compensable injury, the provisions of § 5360 do not bar a recovery.

The employer urges that the term "date of the injury" in § 5360, means the date of the accident or occurrence which caused the injury, and that the provision for a written notice of a claim for compensation within one year from the date of the injury, was designed as a limitation of compensation to such results of an accident or occurrence as became compensable injuries under § 5348 within one year from the accident, and that this limitation was made in order that employers may know definitely, within one year after an accident or occurrence causing injury, whether or not liability for the results of that accident or occurrence are at an end.

Our statutes provide that a claim for compensation does not arise until after the incapacity of the employee for a period of more than seven days from earning full wages at his customary employment, compensation to begin at the expiration of the first seven days of incapacity. Until such period of incapacity has passed, no enforceable claim for compensation has accrued, and no claim for compensation could be made. Therefore, when § 5360 provides that a written notice of a claim for compensation must be made within one year from the date of the injury, the claim spoken of must be a compensable claim under § 5348, as there is no other kind of a claim for compensation referred to in the Compensation Act.

There is no provision in the Act for filing a claim for compensation for compensable results of an accident or occurrence which the employee believes may arise in the future. Until the seven days of incapacity have occurred there is no "claim for compensation."

A compensable injury is an injury for which compensation is payable, and the date of such an injury is not

the time of the accident or occurrence causing injury, but the time under § 5348 when the right to compensation accrues.

To construe our Act as if it indirectly provided that compensation for the results of an accident or occurrence causing injury accruing under § 5348, more than one year from the date of the accident, shall not be payable, would be an unreasonable construction and entirely out of harmony with the beneficent purpose of the Act. We hold, therefore, that the plaintiff, who was injured between March 3d and May 6th, 1919, but whose right to compensation did not accrue until January 17th, 1920, is not barred a recovery by § 5360.

Cases from other jurisdictions cited by counsel are of limited assistance, because the courts are construing the terms of their own Acts which generally differ materially from our Act. The following cases are of interest: *Brown's Case,* 228 Mass. 31, 116 N. E. 897; *In re McCaskey,* 65 Ind. App. 349, 117 N. E. 268; *Hornbrook-Price Co.* v. *Stewart,* 66 Ind. App. 400, 118 N. E. 315; *Johansen* v. *Union Stock Yards Co.,* 99 Neb. 328, 156 N. W. 511; *Cooke* v. *Hollard Furnace Co.,* 200 Mich. 192, 166 N. W. 1013; *Haiselden* v. *Industrial Board,* 275 Ill. 114, 113 N. E. 877.

The Superior Court is advised to enter judgment sustaining the appeal from the commissioner, vacating his award and directing him to make an award in favor of the plaintiff for such amount as the facts may warrant.

In this opinion the other judges concurred.