## LYDIA HINES *vs.* NORWALK LOCK COMPANY.

Third Judicial District, New Haven, January Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

An assignment that "the court erred in rendering judgment for the plaintiff," or "in sustaining the plaintiff's appeal," or "in holding that the finding and award was not in accordance with the subordinate facts found," is inexcusable, since it does not "state the special errors complained of distinctly" (§§ 5833, 5837).

A requested correction of the finding, unless supported by the evidence certified, will not be made by this court.

The term "injury" as used in § 3 of Chapter 306 of the Public Acts of 1921, which requires every employee, upon sustaining an injury in the course of his employment, to notify his employer forthwith, means a compensable injury or an injury for which compensation is payable, and this in turn implies an incapacity or loss of earning power, partial or total; and therefore the employee is not bound to notify his employer at the time of the accident, but only when he has suffered sufficient incapacity, as a result of the injury, to entitle him to compensation. This construction relieves the employee of the necessity of giving, and the employer of the burden of receiving and investigating, notices of numerous trivial accidents and occurrences which do not cause compensable injuries.

In the present case the employee strained himself on September 21st, 1921, while engaged in his employment, but continued on with his work, suffering some pain and developing a general run down condition resulting from this accident. He again strained himself on November 21st following, and in consequence was operated upon for double hernia, and died eight days later. The decedent gave no written notice to the defendant of the strain sustained on September 21st. The Commissioner, finding the employer had been prejudiced by the employee's failure to give notice, awarded the plaintiff the minimum compensation provided by statute, which the Superior Court, upon her appeal, set aside as erroneous. *Held:—*

1. That in finding that the employee had received an "injury" within the meaning of the statute, on September 21st, the Commissioner erred, inasmuch as the employee's earning power was not impaired until November 21st; and therefore erred in his conclusion that the employer had been prejudiced by the employee's failure to give notice of the strain received on September 21st.

2. That the authority of the Commissioner to reduce an award of compensation under this section was dependent upon a finding which would warrant a conclusion that the employer had sustained prejudice in consequence of the employee's failure to give written notice forthwith of his injury; the extent of the reduction, if any, being proportioned to the prejudice sustained.

3. That the facts found did not support the conclusion that the employee suffered a compensable injury through the strain of September 21st, nor that any treatment might have been given him then which would have prevented the hernia of November 21st, and hence did not establish prejudice to the employer through the failure to give written notice of the earlier strain.

Argued January 17th—decided March 1st, 1924.

APPEAL by the defendant from a judgment of the Superior Court in Fairfield County, *Maltbie, J.*, sustaining the appeal of the plaintiff from an award of the Compensation Commissioner for the fourth district, and vacating his award which allowed only the minimum compensation provided by statute. *No error.*

*Edward M. Lockwood*, for the appellant (defendant).

*John Keogh* and *John T. Dwyer*, for the appellee (plaintiff).

WHEELER, C. J. The appellant's decedent, in the latter part of September, 1921, while engaged in his employment with the defendant, strained himself in lifting a box. He continued on with his work, although suffering from more or less pain following this accident and because of it, became nervous and developed a general run down condition which was aggravated by his again straining himself on November 21st, 1921, while moving the contents of a room to another part of defendant's factory, and that evening consulted the defendant's physician and in consequence of his advice was operated upon for double hernia, which resulted in his death on November 29th, 1921. The

decedent gave no notice to the defendant of the accident of September 21st. The Commissioner held that it was the duty of the decedent to have given such notice and that the employer was seriously prejudiced by the failure of the employee to have given it this notice, and adjudged that the defendant pay the plaintiff claimant the minimum compensation provided by statute. Both plaintiff and defendant appealed to the Superior Court from this award, and the court dismissed the defendant's appeal and sustained that of the plaintiff because of the error of the Commissioner in reducing the award by reason of the failure of the decedent to have given notice to the defendant of his injury of September 21st.

Assignments of errors one, three, four, five and nine, that the court erred "in rendering judgment for the plaintiff," or "in sustaining the plaintiff's appeal," or "in dismissing the defendant's appeal," or "in holding . . . that the finding and award . . . was not in accordance with the subordinate facts found," cannot be considered, since they do not "state the special errors complained of distinctly." General Statutes, §§ 5820, 5833 and 5837; *Hine* v. *McNerney*, 97 Conn. 308, 309, 116 Atl. 610.

Corrections of the finding comprise the eighth assignment of error. In substance these are that if Hines had notified defendant forthwith after the accident of September 21st, it would have had the opportunity to have furnished him surgical and medical aid which would have prevented the results of the injury from being serious and Hines would have recovered, and the total cost of compensation to the defendant under the Compensation Act would not have exceeded $300. The testimony of Dr. Fawcett, which the defendant files in support of its claims for correction of the finding, does not support this claim. Dr. Fawcett did not

testify that the accident of September 21st caused the hernia, or that an operation or treatment at that time would have been the proper course, or that had such treatment been given Hines would have recovered; and the testimony of no witness is produced which tends to prove that the cost, in this case, if such treatment had been given, would not, under the Compensation Act, have exceeded $300. No error was committed by the court in its refusal to correct the finding of the Commissioner in the manner requested.

Assignment of errors two and seven raises the question whether the court was in error in holding that the Commissioner, upon the facts, was without authority to reduce the award for the reason that General Statutes, § 5347, as amended by § 3 of Chapter 306 of the Public Acts of 1921, required notice of the injury to be given forthwith upon incapacity resulting, and not forthwith upon the occurrence of the accident as the Commissioner held. Section 3 reads in part as follows: "Any employee who has sustained an injury in the course of his employment shall forthwith notify his employer, or some person representing him, of such injury; and on his failure to give such notice, the commissioner may reduce the award of compensation proportionately to any prejudice which he shall find the employer has sustained by reason of such failure; but the burden of proof with respect to such prejudice shall rest upon the employer."

The ruling of the trial court was right for two reasons: 1. The authority of the Commissioner to reduce the award is dependent upon his finding of facts from which the conclusion may be legally drawn that the employer has sustained prejudice in consequence of the failure of the employee to have given notice, forthwith, of his injury. There is nothing in the finding to indicate that Hines suffered a compensable injury through the strain

of September 21st, nor anything to indicate that the
hernia of November 21st, was attributable in whole or
part to the strain of September 21st, nor anything to
indicate that from any diagnosis, medical or surgical,
made at the time of the first strain, treatment might
have been given which would have prevented the hernia
of November 21st. The finding of a strain through an
accident on September 21st, followed by a nervous,
run down condition, lowering his vitality which was
aggravated by the severe strain of November 21st,
necessitating the operation for hernia, does not furnish
the causal connection between the two accidents.
From the excerpts from the testimony in the record,
we judge that the defendant did not furnish the Com-
missioner with the evidence from which he could have
found facts which would have reasonably supported
the conclusion of prejudice.

2. The principal ground relied upon by the plaintiff
and that upon which the trial court placed its decision,
was that the notice of injury required to be given by
the statute was not a notice to be given forthwith after
the occurrence of the accident, but after the incapacity
resulting from the injury. This part of § 3 originally
appeared as a part of § 21 of Chapter 138 of the Public
Acts of 1913, as follows: "No proceedings for compensa-
tion under this Act shall be maintained unless a writ-
ten notice of the injury shall have been given to the
employer by the injured employee or in his behalf
within thirty days of the happening thereof, and during
the continuance of the incapacity." If this section had
remained in this form, in the instant case the required
notice could not have been given within thirty days
from the strain of September 21st, for the incapacity
would not then have developed. Necessarily, under
this section, the thirty-day period must begin with the
period of incapacity. This section was amended by

Chapter 288 of the Public Acts of 1915. The provision for notice by the employee was added to § 7 of this Act, now § 5347 as amended by Chapter 306 of the Public Acts of 1921. The penalty for failure to give the notice was made a liability to have the award reduced by the extent of prejudice resulting to the employer through the failure to give the notice, instead of making such failure a complete bar to securing compensation. Instead of requiring the notice of the injury to be given within thirty days of the injury and during the continuance of the incapacity, it required the notice of the injury to be given forthwith. The original form involved an inconsistency, for the incapacity may not have developed within the thirty days. But if injury meant an injury resulting in incapacity, the inconsistency was eliminated by this amendment.

There can be no doubt that "injury" as used in § 21 of the original Act of 1913, was that resulting in incapacity. There is nothing in the amendment of 1915 which changed this. In each statute the notice given was of the injury in incapacity, and its use in 1915 meant the same. The date of injury began in each statute with the date of incapacity, for it was only for that, under the Compensation Act, that compensation could be claimed, hence the amendment of 1915 was not intended to change the meaning of the Act of 1913 in this particular.

In § 21 of the Public Acts of 1913, the provision to which we have just referred, providing that compensation should be barred unless the injured employee should give written notice of the injury, was combined with the provision that compensation should also be barred "unless claim for compensation is made within one year from the date of the injury." It must be conceded that "injury" was used with the same meaning in both instances, and we have shown that its use

as to the notice by the employee was plainly in the sense of an injury resulting in incapacity. The provision barring the claim for compensation unless made within one year from the date of injury was re-enacted in this precise form in § 13 of Chapter 288 of the Public Acts of 1915, and appears in this same form as § 5360 of the General Statutes. And when we construed § 5360, with a view to ascertaining the meaning of injury as there used, we said: "Injury," in General Statutes, § 5360, "does not mean the date of the accident or occurrence which caused the injury, but the date when the state of facts arose which first entitled the plaintiff to compensation." *Esposito* v. *Marlin-Rockwell Corporation*, 96 Conn. 414, 417, 114 Atl. 92. This conclusion followed from the fact that the injury for which compensation was given was that dating from the incapacity, as the original Act of 1913 clearly specified. The amendment of § 8 of Chapter 306 of the Public Acts of 1921, did not change the portion of the section we are dealing with. It results that our construction of injury in § 5347 of the General Statutes, as meaning "compensable injury" is equally applicable to the same word in § 5347 of the General Statutes as amended by Chapter 288 of the Public Acts of 1915, and Chapter 306 of the Public Acts of 1921.

There are other considerations which confirm our construction of "injury" as used in these statutes. Under our Compensation Act "the right to compensation depends in each case on the extent to which the plaintiff is in fact incapacitated." *Fair* v. *Hartford Rubber Works Co.*, 95 Conn. 350, 354, 111 Atl. 193. Compensation under our Act is based upon incapacity, total or partial, and hence is based upon loss of earning power. *Wrenn* v. *Connecticut Brass Co.*, 96 Conn. 35, 37, 112 Atl. 638; *Franko* v. *Schollhorn Co.*, 93 Conn. 13, 17, 104 Atl. 485. Since there can be no compensa-

tion unless there be incapacity, there would seem to be no reason for requiring a notice to an employer until such incapacity existed. To impose upon the employee the duty of giving notice forthwith after every accident to himself and before he had become incapacitated, would place an unreasonable burden on the employee. Probably most accidents to employees result in such slight injury as to be not compensable. Requiring notice of these would also place upon the employer an unnecessary burden of investigation and care. Placing such a duty upon the employee would turn the attention of the employee to the subject of compensation for every trifling injury, and this might result in a tendency to malingering. Since subsequent incapacity may result from an exceedingly slight wrench, bruise or scratch, the employee, under the defendant's claim, in all cases, immediately upon the occurrence of the accident causing the slight injury, must give his employer notice or else risk having his award reduced if incapacity subsequently results. And the employer must investigate each of these cases and follow up the employee until all possibility of resulting incapacity shall have passed. We think it unreasonable to conclude that the General Assembly intended a construction such as this to be placed upon the word "injury," and especially so in view of its use of injury in § 5360 of the General Statutes, as amended by § 8 of Chapter 306 of the Public Acts of 1921, which we hold means resulting incapacity, or, as we phrase it in *Esposito* v. *Marlin-Rockwell Corporation,* 96 Conn. 414, 114 Atl. 92, compensable injury.

In the case of an occupational disease arising in the course of his employment, the employee could not give such notice until incapacity had resulted. Injury is not used synonymously with accident in our Compensation Act. If the General Assembly intended it to have

such meaning in § 5347 as amended, it would, upon the passage of the occupational disease amendment to the Act (Public Acts of 1919, Chap. 142, § 1) have provided another form of notice for such cases. On the contrary it left the statute as it was, providing a single form of notice in all cases of injury, a logical disposition if the injury referred to was one resulting in incapacity, otherwise not. Personal injury, as used in our Compensation Act, means any harm or damage to the health of an employee, however caused, whether by accident, disease or otherwise, which arises in the course of and out of his employment and incapacitates him in whole or part for such employment.

Among authorities in other States supporting our construction of injury in this section, we find: *Bergeron's Case,* 243 Mass. 366, 137 N. E. 739; *Duffy's Case,* 226 Mass. 131, 115 N. E. 248; *Johansen* v. *Union Stock Yards Co.,* 99 Neb. 328, 156 N. W. 511, and *In re McCaskey,* 65 Ind. App. 349, 117 N. E. 268.

There is no error.

In this opinion the other judges concurred.