### KROPP v. PARKER, Deputy Com'r, et al.
### No. 2224.

District Court, D. Maryland.

Sept. 29, 1934.

Francis I. Mooney, of Baltimore, Md., for plaintiff.

Bernard J. Flynn, U. S. Atty., and G. Randolph Aiken, Asst. U. S. Atty., both of Baltimore, Md., for .E. V. Parker, Deputy Com'r.

Robert D. Bartlett and C. Damer McKenrick, both of Baltimore, Md., for Arundel Corporation and United States Fidelity & Guaranty Co.

CHESNUT, District Judge.

In this case the plaintiff has filed his suit under section 21 of the Act of Congress known as the Longshoremen's ·and Harbor Workers' Compensation Act (March 4, 1927, c. 509, 44 Stat. 1424, 1436, 33 USC, § 921 [33 USCA § 921]) to set aside a compensation order of the Deputy Commissioner holding that the plaintiff employe was not entitled to compensation for injury sustained in the course of his employment because he had not filed his claim therefor within one year after his injury as required by section 13 of the act (33 USC, § 913 [33 USCA § 913]) which provides as follows:

"(a) The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within one year after the injury."

Certain exceptions are provided for in the section but this case does not fall within any of them. The only question presented for judicial determination is whether under the facts as found by the Deputy Commissioner, the plaintiff's claim is barred for the reason stated. The findings of fact made by the Deputy Commissioner are as follows:

"That on or about the 25th of March, 1932, the claimant above named was in the employ of the employer above named at Baltimore in the State of Maryland in the Fourth Compensation District, established under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, and that the liability of the employer for compensation under said Act was insured by the United States Fidelity and Guaranty Company; that on said day claimant herein while performing service for the employer upon the navigable waters of the United States sustained personal injury resulting in his disability while he was employed as a pipe fitter's and machinist's helper, engaged in installing a rail around the engine in the forward hold of the dredge 'National' which was afloat in the Patapsco River at the employer's shipyard, Fairfield, Baltimore, Maryland; that while so engaged, the captain of the dredge, cleaning off the deck above, attempted to throw off a block of wood, 12" x 12" and about three feet long, and weighing about one hundred pounds; instead of throwing the block of wood off the deck as intended, the said block fell through the open hatch under which Kropp was working and struck him a severe blow on the back of his head, knocking him to his knees, raising a knot on the back of head and breaking the skin; Kropp was stunned or dazed for a moment or two,—he was then sent to the yard office by the employer's superintendent who had witnessed the accident; at the office he was given first aid dressing, following which he returned and resumed his work on the dredge; he continued to work regularly thereafter, but complained from time to time to the superintendent and to others at the plant, of pains in the back of his head and appeared concerned as to whether this was due to his injury; he had not such pain in his head prior to the injury; Kropp had been employed by the employer for about eleven years and was considered a faithful, steady, and industrious worker;

"Subsequent to the injury, a fellow-employee noted that on some days Kropp seemed a little slow in work and not quite up to the former mark;

"On June 1, 1933, Kropp informed the employer that he could no longer stand the pain in his head and asked to be referred to a doctor, which was done; this physician, on examining him, did not consider there was disability due to an injury and referred claimant to an eye specialist who prescribed glasses which were obtained, but which did not give claimant relief; Kropp lost no time from work because of disability until June 3, 1933;

"On June 19, 1933, claimant entered the Maryland General Hospital; on June 20, 1933, his brain was X-rayed, and on July 5, 1933, a brain specialist operated on the back part of claimant's head and removed a cerebellar tumor of the glioma type;

"That the brain tumor removed July 5, 1933, and which first caused disability on June 3, 1933, was in direct causal relationship to the accident sustained by the claimant on or about March 25, 1932, as above found;

"That due to same claimant was totally disabled June 3, 10, 12, 1933, and from June 17, 1933, to October 20, 1933 and was still totally disabled on the latter date;

"That written notice of the injury was not given, but the employer had immediate knowledge of same and has not been prejudiced by failure to give written notice;

"That claim for compensation was filed June 22, 1933, more than one year after injury, and objection to such failure was raised by the employer and insurance carrier at the first hearing of such claim;

"That the average weekly wage of the claimant at the time of the injury was $19.25;

"Upon the foregoing facts it is ordered by the Deputy Commissioner that the claim be and it is hereby Rejected for the reason that such claim was not filed within one year after the injury (section 13 of the act), which requirement of the statute is mandatory."

For the decision of the question presented the controlling facts so found by the Deputy Commissioner are the following: The accident occurred March 25, 1932. It was verbally reported to the employer on the same date and first aid treatment given; the employe lost no time from work thereafter until June 3, 1933, when his medical treatment began, which resulted in the removal of a brain tumor that had resulted, as the Deputy Commissioner found, from the accident. Neither the employe nor the employer was aware of the latent injury caused by the accident and the discomfort occasioned thereby to the employe was not sufficient to prevent his working continuously until more than a year after the occurrence of the accident. He did not become disabled to an extent entitling him to disability payments under the act until June 3, 1933; and the claim for compensation was not filed until June 22, 1933, more than one year after the accident which resulted in the disabling injury.

The legal question thus presented is one of interpretation or construction of the word "injury" in the above quotation from section 913. Is it to be construed as meaning the *accident* which caused the injury, or the *injury* resulting from the accident which culminated in the brain tumor, the existence of which was not discovered until June 19, 1933? It is obvious if the former meaning is given to the word the employe's claim is barred by the statute, but if the latter meaning is the correct one, then the claim was not barred. In support of the view taken by the Deputy Commissioner it is argued that section 913 is a statute of limitations to limit the time for filing claims, and thus to bar stale and possibly fictitious claims and also those considered too remote in time to have resulted from an accident occurring more than a year previously. But for the employe it is argued that there is a definite difference between an *accident* and the resulting *injury;* and, looking at the Longshoremen's Act as a whole (section 1 et seq. [33 USCA § 901 et seq.]), and bearing in mind its remedial and beneficent purposes, it is unreasonable to attribute to Congress the intention to bar a claim for a disability which only arose more than a year after the accident. Or, in other words, it is said that the term "injury" as used in the section must be construed in the sense of "compensable injury."

In section 902, 33 USCA, the term "injury" is defined as follows:

"(2) The term 'injury' means accidental injury or death arising out of and in the course of employment, and such occupational disease or infection as arises naturally out of such employment or as naturally or unavoidably results from such accidental injury, and includes an injury caused by the willful act of a third person directed against an employee because of his employment."

However, this definition furnishes no real help in deciding the question presented.

It has been held by Judge Caffey in the Southern District of New York, in Romaniuk

v. Locke, Dep. Com'r, 3 F. Supp. 529, that the limitation in the section is mandatory; but the particular point here involved seems not to have heretofore been determined by any federal court. The case of Hoage v. Employers' Liability Assurance Corporation, 62 App. D. C. 77, 64 F.(2d) 715, 718, may be thought to give some support to the contention of the employe in this case although it is not directly in point. In that case the court was dealing not with an accident, but with what was a slowly developing occupational disease which first manifested itself on December 4, resulting in a necessary surgical operation after the first of January following. The insurance carrier made the point that its liability had ceased before January 1st, but the court said "The injury, as we have already pointed out, occurred December 4 and not as suggested after the first of January when the resection operation was performed." It may be said that the court here treated the first manifestation of the employe's disability as the time of the sustaining by him of the "injury".

In the absence of any direct federal decision it is natural to turn to state court decisions under similar provisions in Workmen's Compensation Laws. The federal statute is modeled upon the New York law [Wheeling Corrugating Co. v. McManigal, 41 F.(2d) 593, 595 (C. C. A. 4)] which as enacted in 1914, used the word "injury" in its similar limitation section (Laws 1914, c. 41, § 28) but in 1918 the act was amended and the word "accident" substituted for "injury" (Law 1918, c. 634, § 4). I have not noticed any reported decision construing the New York act as originally worded in this respect. But in other states, under statutes *similarly worded,* the great majority of the decisions interpret and apply the word "injury" in the sense of "compensable injury"; and therefore in numerous cases involving facts substantially similar to those here existing, it has been held the claim was not barred by the statute. It has been so held in Connecticut, Minnesota, Louisiana, Washington, Nebraska, Indiana and Arizona. The contrary has been held in Michigan and North Dakota.

In some of these states, after the decisions referred to under statutes then in force, the statutes were amended and in later cases different results under similar facts were reached by reason of the amendments.

Thus in Connecticut in the case of Farmer v. Bieber-Goodman Corp., 118 Conn. 299, 172 A. 95, 96 (1934), the court said:

"Previous to the time when the act of 1927 became effective, the law had required written notice of a claim for compensation to be made 'within one year from the date of the injury.' General Statutes (Rev. 1918), § 5360. We construed the date of the 'injury' to mean not that of 'the accident or occurrence which caused the injury,' but the date when the injury became compensable. Eposito v. Marlin-Rockwell Corporation, 96 Conn. 414, 418, 114 A. 92; Hines v. Norwalk Lock Co., 100 Conn. 533, 540, 124 A. 17. There can be no doubt that when the Legislature substituted, as regards incapacities other than those due to occupational diseases, the word 'accident' for the word 'injury' and specifically provided, as regards occupational diseases, that notice should be given within one year from the first manifestation of a symptom of the disease, it intended to change the law as it had previously existed."

In Stolp v. Department of Labor, 138 Wash. 685, 245 P. 20, 21 (1926), the court made a comprehensive review of the state court decisions and reached the conclusion that under facts similar to those in this case the "injury" did not occur at the time of the accident, but upon the subsequent manifestation of the latent trouble caused by the accident. The court said:

"The question as to whether the limitation fixed by the statute appears to run with the happening of the accident or when the resultant injury develops has on a number of occasions been before the courts.

"In Johansen v. Union Stockyards Co., 99 Neb. 328, 156 N. W. 511, the Supreme Court of Nebraska, construing the statute of that state, held that, when an accident to an eye, which at first appeared not to be serious, resulted thereafter in a diseased condition which destroyed its sight, the injury occurred when the diseased condition culminated. In that state the Workmen's Compensation Law defined 'accident' and also the word 'injury,' but the statutory definition there given is substantially the same as that given by the lexicographers to these words. That case was followed and cited with approval by the same court in Simon v. Cathroe Co., 101 Neb. 211, 162 N. W. 633."

After reviewing other cases the court said:

"Cases from jurisdictions where the statute used the word 'accident' as fixing the time within which the application or claim shall be made are not in point. The question in the case now before us is not when the accident or the fortuitous event happened, but when the injury occurred. It seems to us that the

reasonable and proper construction of the act of this state is that the employee has one year within which to file a claim after the injury has developed which was the result of the fortuitous event."

A similar decision was made by the same court in Fee v. Department of Labor, 151 Wash. 337, 275 P. 741. Compare the later Washington case of Sandahl v. Department of Labor (1932) 170 Wash. 380, 16 P.(2d) 623, after the statute of that state had been amended.

Also in Louisiana when the statute barred the claim unless filed "within one" year after the injury" (Act No. 20 of 1914, § 31) it was held in Guderian v. Sterling Sugar & Railway Co:, 151 La. 59, 91 So. 546, the employe's claim was not barred under facts quite similar to those in the present case. Compare McLaughlin v. Western Union Tel. Co., 17 F.(2d) 574 (C. C. A. 5); also dealing with the same Louisiana statute, but distinguishable on the facts. And compare also Carroll v. International Paper Co., 175 La. 315, 143 So. 275, 276, where a contrary result was reached on similar facts after an amendment of the former Louisiana statute (Act No. 20 of 1914, § 31, as amended by Act No. 85 of 1926). The court there said:

"At the time this amendatory section was enacted the ruling in the case of Guderian v. Sterling Sugar & Ry. Co., 151 La. 59, 91 So. 546, had been made, and was in full operation, holding, in effect, that the bar of one year did not begin to run, under the original section 31, until the employee, exercising due diligence, had become aware of the injury which was in that case the loss of an eye, which, unknowingly, was slowly and unexpectedly brought about. A similar ruling, made by the Court of Appeal, in Jones v. General Accident Fire & Life Assurance Corporation, 1 La. App. 88, had also been made, and was in full operation at the time the original section was amended.

"The sole change made in the original section was to substitute the word 'accident' for the word 'injury' in two places. The Legislature unquestionably had some object in view in making the change. * * * The Legislature, no doubt, was influenced in making the change, not only because of the remoteness of the injury to the accident and the resulting difficulty in establishing the connection of the accident with the injury, but to avoid holding the employer for a possible liability for a number of years for some apparently slight accident seemingly too inconsequential to notice at the time."

See, also, Clausen v. Minnesota Steel Co. (1932) 186 Minn. 80, 242 N. W. 397; Wheeler v. Mo. Pac. R. R. Co. (Mo. App. 1930) 33 S.W.(2d) 179, on appeal, 328 Mo. 888, 42 S.W.(2d) 579; Hartford Accident & Indemnity Co. v. Industrial Commission (Ariz.) 29 P.(2d) 142; Brown's Case, 228 Mass. 31, 38, 116 N. E. 897; Hornbrook-Price Co. v. Stewart, 66 Ind. App. 400, 118 N. E. 315; L. R. A. 1918E, 559; Marsh v. Industrial Acc. Comm., 217 Cal. 338, 18 P.(2d) 933, 86 A. L. R. 572. Contra, Bjorseth v. N. D. Workmen's Compensation Bureau, 62 N. D. 623, 244 N. W. 515; Cooke v. Holland Furnace Co., 200 Mich. 192, 166 N. W. 1013, L. R. A. 1918E, 552. Compare White v. Morgan & Wright, 217 Mich. 499, 187 N. W. 257.

■ In the absence of any legislative history to the contrary, it seems reasonable to conclude that Congress in adopting the particular wording of the section intended that it should be construed in accordance with this great weight of authority in the state courts. It is also clear that the Act should be liberally construed. De Wald v. B. & O. R. Co., 71 F.(2d) 810 (C. C. A. 4, June 11, 1934); Rothschild & Co. v. Marshall, 44 F.(2d) 546 (C. C. A. 9).

■ I do not understand that counsel for the defendants really press any question in this case other than that above discussed. The medical testimony submitted to the Deputy Commissioner was certainly very inconclusive as to whether the employe's brain tumor which was discovered to exist in June 1933, was caused by the accident of March 25, 1932; but the Commissioner found on all the evidence before him "that the brain tumor removed July 5, 1933 and which first caused disability on June 3, 1933, was in direct causal relationship to the accident sustained by the claimant on or about March 25, 1932". There is no suggestion of lack of entire good faith by the employe, or that the claim is in any way fictitious. And on this review the findings of the Deputy Commissioner on facts other than those of a jurisdictional nature are to be accepted as correct unless it is found there is no substantial evidence to support them. Crowell v. Benson, 285 U. S. 22, 46, 52 S. Ct. 285, 76 L. Ed. 508; Wheeling Corrugating Co. v. McManigal, 41 F.(2d) 593 (C. C. A. 4); Obrecht-Lynch Corp. v. Clark (D. C. Md.) 30 F.(2d) 144; Rothschild & Co., Inc., v. Marshall (D. C.) 56 F.(2d) 415.

■ I, therefore, conclude that the order of the Deputy Commissioner was not in accord-

ance with the law, and must be set aside. Counsel may present the appropriate decree for signature.