**DI GIORGIO FRUIT CORPORATION et al. v. NORTON, Deputy Commissioner, et al.***

**No. 6458.**

Circuit Court of Appeals, Third Circuit.

Sept. 27, 1937.

Rehearing Denied Nov. 5, 1937.

BUFFINGTON, Circuit Judge, dissenting.

Rawle & Henderson, George M. Brodhead, Jr., Thomas F. Mount, and Joseph W. Henderson, all of Philadelphia, Pa., for appellants.

E. Herman Fuiman, of Philadelphia, Pa., for appellees.

Argued before BUFFINGTON, THOMPSON, and BIGGS, Circuit Judges.

BIGGS, Circuit Judge.

Upon July 25, 1932, Andrew H. Henson, one of the appellees, a longshoreman employed by the appellant, Di Giorgio Fruit Corporation, suffered contusions and lacerations to the globe of his left eye by being struck by the stalk of a bunch of bananas which fell upon him while he was unloading the steamship Princess May at dock

*Writ of certiorari denied 58 S.Ct. 430, 82 L.Ed. ——.

upon the Delaware river at Philadelphia, Pa. Henson was disabled for about a week. At the end of this time he continued his work as a longshoreman until the month of May, 1933, when he was confined to Holmesburg prison for 18 months. While he was in prison the injured eye hurt him and it was treated by the prison authorities. After his release, he himself attempted further treatments to decrease the discomfort that the eye caused him. It was not until August 11, 1936, however, that he filed a claim under the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C.A. § 901 et seq.) with the Deputy Commissioner for the Third Compensation District for compensation for permanent disability from the loss of the sight of his eye. Thereafter, extended hearings were had before the Deputy Commissioner, who conscientiously weighed the evidence submitted. At the hearing which took place on August 22, 1936, Henson was asked by the Deputy Commissioner: "Now, when did you begin to find anything serious the matter with your eye, more or less?" Henson replied: "Well, it was about— last Friday it has been about three Wednesdays ago when I first went to the— three or four Wednesdays. * * *" It is therefore apparent, since the hearing took place upon August 22, 1936, that the purport of Henson's answer is that he became aware of the serious condition of his injured eye in August, 1936.

█ In our opinion, the Deputy Commissioner had before him sufficient evidence to support his finding that the injury to Henson's eye was by its nature a progressive one and originally resulted from the accident which occurred upon July 25, 1932; that the globe of the eye with its lens proceeded through various progressive stages of degeneration culminating in lenticular opacities and a cataractous condition; and that Henson became aware of this condition in the month of August, 1936, when the injury became compensable. It is true that there is a conflict of evidence in respect to the nature and extent of his injuries. Henson stated that he had made no claim on account of his injury until he needed money. The medical testimony is far from clear. The physicians of the United States Public Health Service, who examined Henson could not conclude definitely that the accident of July 25, 1932, was the cause of the cataractous condition of the eye as it existed in 1936, and that such condition should have been observable

by Henson long prior to the time of the filing of his claim. One of the physicians stated, however, that the lenses of the injured eye might have been somewhat opaque following the accident and not have been observed by Henson; that it was a doubtful case.

█ Under the act the merits of the facts of the case must be determined by the Commissioner. We do not have the power to revise or modify the findings of fact of the Deputy Commissioner if they are supported by the evidence and are neither arbitrary or capricious. Crowell v. Benson, 285 U. S. 22, 52 S.Ct. 285, 76 L.Ed. 598; Green v. Crowell (C.C.A.) 69 F.(2d) 762, certiorari denied 293 U.S. 554, 55 S.Ct. 88, 79 L.Ed. 656; Rothschild & Co., Inc. v. Marshall (D.C.) 56 F.(2d) 415; Wheeling Corrugating Co. v. McManigal (C.C.A.) 41 F.(2d) 593; Hoage, Deputy Commissioner et al. v. Employers' Liability Assurance Corp., 62 App.D.C. 77, 64 F.(2d) 715. In the case at bar, the Deputy Commissioner has weighed the evidence carefully and made his findings of fact. These findings are not capricious or arbitrary, but represent the mature judgment of an experienced officer. We will not disturb them.

█ A most important question remains, however, one of law which is almost of original imprint in the federal courts. Section 13(a) of the Longshoremen's and Harbor Workers' Compensation Act (33 U.S. C.A. § 913(a) provides: "The right to compensation for disability under this chapter shall be barred unless a claim therefor is filed within one year after the injury."

It is the contention of the appellants that the phrase "within one year after the injury" bars any claim not filed within one year of the date of accident. Since the federal courts are devoid of decisions relating to the construction of this phrase of the act, save one decision, which we will discuss hereafter, the appellants argue from the analogy of state workmen's compensation laws which use this phrase and which have been construed in favor of the appellants' contention. Typical of the cases cited by the appellants is Cooke v. Holland Furnace Company, 200 Mich. 192, 202, 166 N.W. 1013, 1017, L.R.A.1918E, 552. The facts of this case are as follows: The plaintiff received an injury to his head by reason of being struck by a flying bolt, and at the time of the accident was given first aid treatment. Nonetheless, he continued his work, but within a period of 3 months

developed headaches and dizziness which within a year had increased to such an extent that he was forced to undergo an operation. He made no claim until one year after the accident, though the time limitation set forth in the statute was six months. The Supreme Court of Michigan denied compensation, and stated: "While the words 'accident' and 'injury' are not synonymous, the accident produced the injury, and in point of time they were concurrent. We are compelled to hold, must hold, unless we resort to judicial legislation, that the Legislature * * * fixed the date of the injury at the date of the accident, and not some remote date thereafter, when the injured employee became definitely satisfied that he was disabled as a result of the accident."

The phraseology of the Michigan statute in respect to the time of limitation of claims is similar to that used in the Longshoremen's and Harbor Workers' Compensation Act.

On the other hand, the courts of many other states have construed substantially similar language in their respective Compensation Acts in the manner here sought by the appellees; namely, that the period of limitation in which the claim must be filed begins to run from the time the injury becomes apparent in a final and definite way and is therefore compensable. A typical ruling to such effect is that contained in Stolp v. Department of Labor & Industries, 138 Wash. 685, 245 P. 20, 22. In this case the Supreme Court of Washington passed upon the following state of facts: Stolp in the course of his employment accidentally struck his left eye on an air compressor pipe. Thereafter, he consulted a physician, but neither he nor the physician apprehended that any serious injury would result from the blow. Stolp continued his work for a period of 14 months after the date of the accident without knowledge that the sight of his eye was impaired, and then learned of the condition which afflicted him for the first time. He filed an application for compensation under the Workmen's Compensation Law of Washington approximately 4 months after his discovery that he had lost the sight of his eye, and approximately 18 months after the accident had occurred. The Workmen's Compensation Law of Washington, section 7686, subd. (d), Rem. Comp.Stat. provided: "No application shall be valid or claim thereunder enforceable unless filed within one year after the day upon which the injury occurred or the rights of dependents or beneficiaries accrued."

In respect to the time of the commencement of the period of limitation, the Supreme Court of Washington ruled: "The question in the case now before us is not when the accident or the fortuitous event happened, but when the injury occurred. It seems to us that the reasonable and proper construction of the act of this state is that the employee has one year within which to file a claim after the injury has developed which was the result of the fortuitous event."

As might be expected, the state courts differ in their precise treatment of this question. Some decisions treat the period of limitation of time in which the claim must be filed as running from the date upon which the injury culminates; some, from the date upon which the injury becomes apparent. Other decisions hold the period of limitation runs from the date upon which the injury becomes compensable. Though there is this divergence in terms used, nonetheless there is a unanimity of idea to be expressed, namely, that the employee's claim is not barred until one year from the time in which the injury has reached a definite, culminating stage and one which, being reasonably apparent, is therefore compensable. Decisions of the state courts with such rulings are Case of Brown, 228 Mass. 31, 116 N.E. 897; Hornbrook-Price Co. v. Stewart, 66 Ind.App. 400, 118 N.E. 315; Johansen v. Union Stock Yards Co., 99 Neb. 328, 156 N.W. 511; Simon v. Cathroe Co., 101 Neb. 211, 162 N.W. 633; Esposito v. Marlin-Rockwell Corp., 96 Conn. 414, 418, 114 A. 92; Hines v. Norwalk Lock Co., 100 Conn. 533, 540, 124 A. 17; Fee v. Department of Labor, 151 Wash. 337, 275 P. 741; Guderian v. Sterling Sugar & Railway Company, 151 La. 59, 91 So. 546.

Decisions of state courts with rulings upon this question consonant with that in Cooke v. Holland Furnace Company, supra, are: Bjorseth v. North Dakota Workmen's Compensation Bureau, 62 N.D. 623, 630, 244 N.W. 515, 517, and Maryland Casualty Company v. Industrial Commission of Utah, 74 Utah 170, 171, 278 P. 60, 62.

The weight of authority of the state courts is clearly against the contentions of the appellants.

The particular question presented in the case at bar has been adjudicated only once in the federal courts. This adjudication was made in a decision by Judge Calvin Chesnut, whose opinion is entitled to great weight, in the District Court of Maryland, in Kropp v. Parker, Deputy Commissioner, 8 F.Supp. 290, 292. Kropp was employed as a pipe fitter's and machinist's helper on the dredge National. Upon March 25, 1932, the captain of the dredge attempted to throw a large and heavy block of wood off the deck, but struck Kropp on the head with it. In this accident Kropp seemed to sustain injuries of a comparatively minor character and continued his work regularly thereafter. He complained, however, from time to time to the superintendent of the plant of pains in the back of his head. On June 19, 1933, Kropp entered the Maryland General Hospital where he was operated upon on July 1, 1933, and a cerebellar tumor was removed from his brain. His claim for compensation was filed on June 22, 1933, more than one year after the occurrence of the accident. The Deputy Commissioner rejected the claim upon the ground that the claim was not filed within one year after the injury. In his opinion Judge Chesnut stated in part: "The legal question thus presented is one of interpretation or construction of the word 'injury' * * *. Is it to be construed as meaning the *accident* which caused the injury, or the *injury* resulting from the accident which culminated in the brain tumor, the existence of which was not discovered until June 19, 1933? It is obvious if the former meaning is given to the word the employe's claim is barred by the statute, but if the latter meaning is the correct one, then the claim was not barred. In support of the view taken by the Deputy Commissioner it is argued that section 913 is a statute of limitations to limit the time for filing claims, and thus to bar stale and possibly fictitious claims and also those considered too remote in time to have resulted from an accident occurring more than a year previously. But for the employe it is argued that there is a definite difference between an *accident* and the resulting *injury;* and, looking at the Longshoremen's Act as a whole * * * and bearing in mind its remedial and beneficent purposes, it is unreasonable to attribute to Congress the intention to bar a claim for a disability which only arose more than a year after the accident. Or, in other words, it is said that the term 'injury' as used in the section must be construed in the sense of 'compensable injury.'"

We cite Judge Chesnut's opinion with approval, and concur in it. The act must be liberally construed. De Wald v. Baltimore & O. R. Co. (C.C.A.) 71 F.(2d) 810; Rothschild & Co. v. Marshall (C.C.A.) 44 F.(2d) 546.

One further point urged by the appellants must be considered and disposed of. It is argued by them that even should this court adopt the ruling in Kropp v. Parker, supra, and hold that the word "injury" as set out in section 13(a) of the act should be construed to mean "date of compensable injury," Henson's claim is barred nonetheless. With this contention we do not agree. As heretofore stated, conflicting testimony was given by Henson as to when he became aware of any serious difficulty with his left eye, and the medical testimony is far from clear as to the actual time at which the lenticular opacities became formed in Henson's eye. The Deputy Commissioner was the trier of the facts. His finding of August, 1936, as the date of compensable injury is supported by sufficient evidence. There is nothing upon the record which convinces us that we should disturb that finding.

The judgment of the court below is affirmed.

BUFFINGTON, Circuit Judge (dissenting).

This case turns on the meaning of the statutory words "within one year after the injury." Longshoremen's and Harbor Workers' Compensation Act § 13(a), 33 U.S.C.A. § 913(a). What is meant by the word "injury"? In common use and in the common understanding, the words "after the injury" have a clear, unambiguous, meaning; and where the meaning of a statute is clear, there is no warrant for speculative construction. If we adhere to the well-understood meaning of the word, we have a designated time fixed by the statute. On the other hand, if we substitute for the statutory words "after the injury," the words "after the damage resulting from the injury became apparent," we leave the marked path of certainty and enter a zone of uncertainty and doubt. But apart from this, the substitution by the court below of its construction for that of the statute as noted above, runs counter to the jurisdictional certainty created by the act and leaves the jurisdiction of enforcing the act

in confusion and uncertainty. The subsequent clause provides: "Such claim shall be filed with the deputy commissioner in the compensation district in which such injury or death occur." Adopting the construction followed by the court below, where is the tribunal which shall enforce the compensation claim? Is it in the district where the injury occurred, or is it in some other district where "the results of the accident became apparent"? Is it possible the act meant that if a seaman is injured in Pennsylvania and afterwards goes to Florida, and the result becomes apparent in Florida, that the Florida, and not the Pennsylvania, district has jurisdiction? Yet this result follows if the construction of the lower court holds, for if the word "injury" in the earlier part of the statute is construed to mean "after the damage resulting from the injury becomes apparent," then we must in the jurisdictional clause following likewise substitute for the words, "such claim shall be filed with the deputy commissioner in the compensation district in which such injury * * * occur," the words, "Such claim shall be filed with the Deputy Commissioner in the compensation district in which the damage resulting from the injury became apparent." I feel we are on a sure foundation if we follow the wording of the act, and we are on the shifting sands of speculative uncertainty if we depart therefrom. For these reasons I respectfully note my dissent.