ANNE GAVIGAN *v.* VISITING NURSES ASSOCIATION ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued February 9—decided March 8, 1939.

*Victor M. Gordon,* with whom, on the brief, was *Arthur B. O'Keefe,* for the appellant (plaintiff).

*Harold K. Watrous,* with whom, on the brief, was *Daniel G. Campion,* for the appellees (defendants).

MALTBIE, C. J.  The plaintiff, on December 14, 1933, was injured by a fall due to slipping on ice, and claimed compensation under the Workmen's Compensation Act.  She was unable to work for three or four days, but thereafter, although suffering pain at times in her back, she worked until February, 1938.  The pain then became so severe that she consulted a physician who discovered a fracture of the coccyx, making necessary an operation and resulting in an inability to work for some months.  She made no written claim for compensation, but the commissioner gave a hearing on July 13, 1938, found that the injury arose out of and in the course of her employment, but denied compensation because no written claim was made within one year from the date of the accident.

The Workmen's Compensation Act formerly provided that no proceedings for compensation should be maintained unless notice of a claim for compensation was given within one year from the date of the injury, except where there was a written request or assignment for a hearing or a hearing was actually held within that time.  Public Acts, 1913, Chap. 138, § 21. While the statute continued in this form we decided the case of *Esposito* v. *Marlin-Rockwell Corp.,* 96 Conn. 414, 114 Atl. 92.  In that case it appeared that the plaintiff had suffered a strain which it was found caused a hernia, but which did not result in incapacity until some ten months later.  He did not file a claim under the statute, but a hearing was held more than one year after he suffered the strain but less than a year after incapacity resulted.  The defendants expressly claimed that the one-year period ran from the date of the accident or occurrence which caused the

injury. We held that the "date of the injury" in the statute referred to a compensable injury and hence notice given or a hearing held within one year from the time the injured employee became entitled to compensation was sufficient. See also *Rossi* v. *Jackson Co.*, 120 Conn. 456, 460, 181 Atl. 539.

In 1927 the Legislature amended the statute to substitute for the requirement of notice within one year from the date of injury a provision that it must be given within one year "from the date of the accident or the first manifestation of a symptom of the occupational disease, as the case may be, which caused the personal injury." General Statutes, § 5245, amended, Cum. Sup. 1935, § 1613c, 1937 Sup. § 799d. It seems clear that the purpose of this change, as regards a claim not arising from disease, was to alter the former statute interpreted as it was in the *Esposito* case and to substitute as the time when notice must be given, in place of one year from the date when the injury became compensable, one year from the date of the accident or occurrence from which the injury resulted. Any possible doubt as to this is completely removed when the terms of the amendment are considered as a whole. If the word "accident" in itself could be taken to refer to the time when an injury became compensable, the modifying clause "which caused the personal injury" would be meaningless; and the limitation requiring notice in the case of an occupational disease to be given within one year from the "first manifestation of a symptom of the occupational disease" would be entirely out of harmony with the provision concerning injuries due to accident if the "date of the accident" were to be given the meaning claimed by the plaintiff. We are not at liberty to depart from a legislative intent so clearly manifest. *Farmer* v. *Bieber-Goodman Corp.*, 118 Conn. 299, 303, 172 Atl.

95. As no written claim for compensation was filed and no hearing held within one year from the date of the fall which ultimately resulted in incapacity, the commissioner could not do otherwise than dismiss the claim.

There is no error.

In this opinion the other judges concurred.