Frank E. Callahan, of Wiggin & Dana, New Haven, Conn., for defendant.

**Robert E. TOURVILLE**

v.

**UNITED AIRCRAFT CORPORATION.**

Civ. A. No. 6338.

United States District Court

D. Connecticut.

March 26, 1958.

J. JOSEPH SMITH, District Judge.

This is an action for personal injuries, the result of tuberculosis, claimed to have been aggravated by the defendant's failure to warn of the tubercular condition shown by X-rays taken by the defendant of the plaintiff as its employee. The defendant raises the special defense that the plaintiff's sole and exclusive remedy is under the Workmen's Compensation Act of Connecticut (Conn.Gen. Stat.1949 Rev., § 7416 et seq., 1955 Supp. § 3037d et seq.) and that whether or not the provisions of that Act provide a remedy, the provisions of that Act bar the common-law action against the employer. The case is now before this court on a motion for a preliminary hearing to determine the issues raised by this defense. It may be considered as a motion for summary judgment.

There are two issues:

1. Whether the injury is one compensable under the Workmen's Compensation Act and therefore barred by Sec. 7419, Conn.Gen.Stat.1949 Rev., as one arising out of and in the course of his employment.

2. Whether the action is barred by Sec. 7419, supra, even though not compensable under the Workmen's Compensation Act.

In Wiblyi v. General Motors Corp., unreported, Civil No. 4519, D.C.Conn. (1953), this court held on a motion for dismissal that under Connecticut law, tuberculosis if not an occupational dis-

ease under the circumstances there alleged, was not an injury within the meaning of the Act and so not compensable under it.

The defendant argues against the Wiblyi result, contending that although the plaintiff's condition is not an occupational disease within the meaning of the Act, it is a personal injury compensable under the Act and not in this action, in that it is either (1) an accidental injury which may be located as to time and place or (2) an injury resulting from repetitive trauma or repetitive acts.

The immediate problem is that the injury for which the plaintiff claims damages is a disease which was allowed to progress to an injurious stage due to the alleged failure of the defendant to warn which it is claimed was a breach of a duty to plaintiff. The novelty of the claim and the fact that defendant's breach was a nonfeasance rather than a misfeasance makes the question somewhat difficult. Such a claim may not have been specifically contemplated in drawing the Workmen's Compensation Act. However, whether the language of the Act and the interpretation of its provisions by the courts encompass such an injury is the question for decision.

Section 7416, Conn.Gen.Stat.1949 Rev., provides, inter alia:

"The words 'personal injury,' or 'injury,' as the same are used in this chapter, shall be construed to include, in addition to accidental injury which may be definitely located as to the time and the place where the accident occurred, an injury to an employee which is causally connected with his employment and is the direct result of repetitive trauma or repetitive acts incident to such employment, and occupational disease as herein defined. * * * "

Since the inception of the Workmen's Compensation Act in Connecticut, the definition of "personal injury" has undergone a series of changes both in the courts and in the legislature. See 26 Conn.B.J. 142 (1952). The courts began with a strict definition which restricted the term to accidental bodily injury and excluded disease unless related to such a bodily injury. Linnane v. Aetna Brewing Co., 91 Conn. 158, 99 A. 507, L.R.A.1917D, 77. Statutory change widened the definition to include occupational disease and the courts followed the statute with a broad definition in the case of Hines v. Norwalk Lock Co., 1924, 100 Conn. 533, which at page 541, 124 A. 17, at page 20, defined personal injury as "any harm or damage to the health of an employee, however caused, whether by accident, disease, or otherwise, which arises in the course of and out of his employment and incapacitates him in whole or in part for such employment."

In Madore v. New Departure Manufacturing Co., 1926, 104 Conn. 709, 134 A. 259, 262, the court disallowed a claim for compensation for tuberculosis, because the claimant had it prior to and at the time of his employment and there was no showing that the conditions of his employment were any different from those of the average worker. The court went on to define the phrase, "arising out of employment" limiting an injury to one proximately caused by the employment. Compare Ayers v. Hoage, 61 App.D.C. 388, 63 F.2d 364, Speaks v. Hoage, 64 App.D.C. 324, 78 F.2d 208, 209.

The legislature retreated from the broad definition of the Hines case and limited the definition of personal injury, Chapter 307, Sec. 7, P.A.1927, to include only accidental injury which may be definitely located as to the time when and the place where the accident occurred and occupational disease as therein defined. The courts enforced this limitation. See Galluzzo v. State, 1930, 111 Conn. 188, 149 A. 778. The only change since the 1927 amendments has been the addition of repetitive trauma or repetitive acts in 1947, Sec. 7416, supra.

The plaintiff's claim is that the pre-existing tubercular condition, undiscovered and unchecked because of defendant's negligence, progressed to a serious condition. This resulted from the de-

fendant's claimed breach of a duty (a nonfeasance). These claimed injuries consisted of the aggravation of a pre-existing condition due to the defendant's failure to warn. The defendant's breach was a substantial factor in causing the injuries. But for the defendant's claimed breach (or negligence), the plaintiff would have been warned of his tubercular condition and thus able to avoid the aggravation of his tubercular condition. The claim fits within the statutory definition of personal injury. It also appears that it comes within the definition of "arising out of employment". Compare Smith v. Seamless Rubber Co., 1930, 111 Conn. 365, 150 A. 110, 69 A.L.R. 856. With respect to the question of locating the time and the place where the accident occurred, "accident" refers to the failure or neglect to warn. This means that at the time the X-rays were being read, a duty arose to warn of a condition which should have been detected in the exercise of due care. This was the claimed beginning of the nonfeasance so as to establish it both as to time and place. Moreover, since defendant's claimed duty was a continuing one during the course of employment, the breach was a continuing one and may be considered also as repetitive acts causally connected with plaintiff's employment and incident to it. We conclude therefore

(1) That the injuries were "personal injuries" within the meaning of the Act.

(2) That they arose in the course of employment.

(3) That they arose out of the employment.

(4) That they are injuries covered by the Connecticut Workmen's Compensation Act and this action is therefore barred by Section 7419 of that Act. In view of this conclusion, it is not necessary to pass upon defendant's alternative claim.

In Wiblyi v. General Motors Corp., in denying the motion to dismiss, the court considered aggravation of tuberculosis by negligence in X-ray examination or reports thereof not an "injury" within the definition of the Workmen's Compensation Act, and not compensable under the Act unless an occupational disease, and therefore no bar to action for negligence. So far as the opinion in that case is inconsistent with this memorandum it may be considered overruled.

Summary judgment may be entered for defendant, dismissing the action.