# IN THE MATTER OF SECURING COMPENSATION BY JOHN K. PALAMA, SR.

## No. 2272.

SUBMITTED AUGUST 17, 1936.          DECIDED JANUARY 13, 1937.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY BANKS, J.
(PETERS, J., DISSENTING.)

By authority of section 7518, R. L. 1935, the industrial accident board has reserved to this court the following question of law: "Was the notice of injury and claim for compensation filed by John K. Palama, Sr., December 30, 1935, made within the statutory requirement contained in Section 7501, Revised Laws of Hawaii 1935, requiring that ' * * * claim for compensation with respect to the injury shall have been made within three months after the date of injury * * * ', in view of the fact that, while the accident occurred on August 30, 1935, the injury first manifested itself in the middle of November, 1935?"

The facts in the instant case are undisputed. On August 30, 1935, John K. Palama, an employee of the City and County of Honolulu, in the division of water supply and sewers, was accidentally hit on his left front chest by a crowbar. This accident arose in the course of and out of his employment. The injury first manifested itself about the middle of November, 1935, but did not progress to the point where it disabled Palama from performing his work until December 4. On that date he decided to call his employer's attention to his condition for the purpose of obtaining medical care. He was referred to the emergency hospital, a city and county agency, where Dr. Thomas Mossman, an employee of the hospital, diagnosed his condition as a "reddened mass, left anterior chest, appearing to be an abscess of the left chest wall, probably a malignancy." At Palama's request his family physician, Dr. Gardner Black, then attended him. Dr. Black hospitalized

Palama for the removal of a piece of tumor for microscopic examination and the diagnosis revealed an inflammatory swelling caused by the blow which he received on August 30, 1935. On December 30, 1935, Palama filed his notice of injury and claim for compensation. He remained under the care of Dr. Black until he was discharged as cured and on January 13, 1936, returned to work.

It is contended by the employer, the City and County of Honolulu, that the employee's claim for compensation is barred by his failure to file his claim with the industrial accident board within the period required by section 7501, R. L. 1935. This section provides that "no proceedings under this chapter for compensation for an injury shall be maintained unless * * * a claim for compensation with respect to the injury shall have been made within three months after the date of the injury." More specifically stated the contention is that the word "injury" in so far as it relates to the time within which a claim must be filed is synonymous with "accident" and that inasmuch as it appears that the accident occurred on August 30, 1935, and the claim for compensation was not filed until December 30, 1935, the claim cannot be maintained.

The great purpose of the Act in so far as it relates to the type of injury we are now considering is to provide means for compensating the employee for pecuniary loss arising out of his disability to work, and to accomplish that purpose the statute should receive a liberal construction. (*Baldwin* v. *Scullion*, 62 Pac. [2d] [Wyo.] 531, 538, 539.) So long as the injury has no such result the employee has no claim against the employer and there is nothing upon which to predicate an action under the Workmen's Compensation Law. To file a claim anterior to this event would obviously be premature. It is not until his cause of action accrues that he has any standing before the industrial accident board.

This view is expressed in *Silva* v. *Wheeler & Williams,* 32 Haw. 920, 924, where it is said: "An injury that does not result in disability to work is not compensable under the Workmen's Compensation Law."

If we should accept the contention of the employer it would lead to the anomalous result of requiring an injured employee, in order to escape the bar of the statute, to file a claim for compensation, although at the time he filed it he had suffered no disability whatever, and therefore had no standing before the industrial accident board. In the instant case it would result in the defeat of an apparently meritorious claim. We cannot think that it was the intention of the legislature to bring about such a result. It is much more consistent with reason and justice to say that the word "injury" instead of being synonymous with "accident" implies an injury for which compensation may be awarded and that the period within which the claim is required to be brought does not begin until the claimant has become disabled to work.

This view was taken in *Esposito* v. *Marlin-Rockwell Corporation,* 96 Conn. 414. In that case the employee was injured on an undetermined date between March 3 and May 5, 1919, but on the day the injury occurred he notified his employer of his injury. He continued with his employment until January 10, 1920, when he was forced to cease work because of his injury. Section 5360 of the General Statutes of Connecticut, 1918, provides in part as follows: "No proceedings for compensation * * * shall be maintained unless a written notice of claim * * * is made within one year from the date of the injury * * * but where there has been * * * an assignment for hearing within one year from the date of the injury, * * * no want of such notice of claim shall be a bar to the maintenance of proceedings." At no time did the employee give a written notice of a claim for compensation. Nevertheless the commissioner on

April 17, 1920, made an assignment for a hearing on the claim. It was contended by the employee that the term "date of the injury" meant the date of compensable injury. The employer, however, as in the instant case, contended that the date of the injury was the date of the accident or the occurrence causing the injury. The court rejected the latter contention and sustained the former one. Speaking on this subject it said (p. 417): "Section 5348 determines the date of a compensable injury. This section provides as follows: 'No compensation shall be payable for total or partial incapacity under the provisions of this chapter on account of an injury which does not incapacitate the injured employee for a period of more than seven days from earning full wages at his customary employment; but if incapacity extends beyond a period of seven days compensation shall begin at the expiration of the first seven days of total or partial incapacity.' The date of compensable injury, therefore, is when the accident or occurrence and its results incapacitate the employee for a period of more than seven days from earning full wages at his customary employment. As incapacity in this case began on January 10th, 1920, and continued for more than seven days, the date of compensable injury began at the expiration of the first seven days of incapacity—that is, on January 17th, 1920. As there was an assignment for a hearing of this claim by the commissioner on April 17th, 1920, less than one year from January 17th, 1920, then, if we construe the term 'date of the injury,' in § 5360, as the date of compensable injury, the provisions of § 5360 do not bar a recovery. * * * Our statutes provide that a claim for compensation does not arise until after the incapacity of the employee for a period of more than seven days from earning full wages at his customary employment, compensation to begin at the expiration of the first seven days of incapacity. Until such period of inca-

pacity has passed, no enforceable claim for compensation has accrued, and no claim for compensation could be made. Therefore, when § 5360 provides that a written notice of a claim for compensation must be made within one year from the date of the injury, the claim spoken of must be a compensable claim under § 5348, as there is no other kind of a claim for compensation referred to in the Compensation Act. There is no provision in the Act for filing a claim for compensation for compensable results of an accident or occurrence which the employee believes may arise in the future. Until the seven days of incapacity have occurred there is no 'claim for compensation.' A compensable injury is an injury for which compensation is payable, and the date of such an injury is not the time of the accident or occurrence causing injury, but the time under § 5348 when the right to compensation accrues."

Section 7492 of our statutes is similar to section 5348 of the Connecticut statutes. The former provides in part as follows: "Where the injury causes total disability for work, the employer, during the disability, but not including the first seven days thereof shall pay the injured employee * * * ." It is obvious that each of these statutes was intended to fix the time when the employee's right to compensation accrued, that is, seven days after the disability occurred.

In *Acme Body Works* v. *Industrial Comm.*, 204 Wis. 493, the employee while in the course of his employment was struck in the left eye on June 23, 1920. He returned to work on July 28, 1920. For the resulting temporary total disability between the two dates mentioned he received compensation but this fact played no part in the decision of the question pertinent to the case at bar. On May 18, 1921, he was fitted with glasses by a doctor who discovered only congenital stigmatism in both eyes. It was not until July 18, 1926, that some foreign substance

was removed from the eye and a cataract found which caused industrial blindness of the eye. The employee filed an application for compensation on December 22, 1926. Other facts not relevant to the question under consideration are purposely omitted. Under the Wisconsin law the statute of limitations barring recovery ran for six years from the date of the injury. In holding that the word "injury" meant the time when the right to compensation accrued the court said (p. 498) : "It will be noticed that under the amendment of 1929 the statute of limitations begins to run from the 'date of the injury' and not from the date of the accident from which the injury resulted. Under the workmen's compensation act the date of the injury and the date of the accident are not convertible terms. It is generally held under workmen's compensation acts that injury results when the right to compensation arises. Injury and compensable disability are more in the nature of synonymous terms than are date of injury and date of the accident. Thus, in *Esposito v. Marlin-Rockwell Corp.* 96 Conn. 414, 114 Atl. 92, it is said : 'A compensable injury is an injury for which compensation is payable, and the date of such an injury is not the time of the accident or occurrence causing the injury, but the time * * * when the right to compensation accrues.' See, also, *Bergeron's Case,* 243 Mass. 366, 137 N. E. 739; *Johnson v. London G. & A. Co.* 217 Mass. 388, 104 N. E. 735; *In re Brown,* 228 Mass. 31, 116 N. E. 897; *In re McCaskey,* 65 Ind. App. 349, 117 N. E. 268; *Johansen v. Union Stock-Yards Co.* 99 Neb. 328, 156 N. W. 511; *Stolp v. Department of Labor and Industries,* 138 Wash. 685, 245 Pac. 20. To the same effect are our own decisions. *Frank Martin-Laskin Co. v. Goetsch,* 172 Wis. 548, 179 N. W. 740; *Schaefer & Co. v. Industrial Comm.* 185 Wis. 317, 201 N. W. 396; *Zurich General Acc. & L. Ins. Co. v. Industrial Comm.* 203 Wis. 135, 233 N. W. 772. Claimant's injury

for which he was awarded compensation did not occur until after June 12, 1926, when total blindness resulted and when his right to compensation for partial total disability arose."

*Guderian* v. *Sterling Sugar & Ry. Co.*, 151 La. 59, was a case in which the claimant was struck by a fellow employee on January 9, 1919, resulting in the loss of an eye. The blow caused a gash which required slight medical attention but the plaintiff lost no time from his work. Early in February the claimant observed spots before his eye. Upon consulting a physician he was told that his condition was due to indigestion or perhaps a derangement of the kidney. On April 23, 1919, his eyesight began to fail and he was then treated by a specialist. Either in the latter part of April or the early part of May he lost his left eye completely. The Louisiana statute provided that "unless within one year after the injury proceedings have been begun as provided in sections 17 and 18 of this act" all claims shall be barred. The employee brought his action on April 22, 1920. In holding that the statute did not begin to run until the employee's cause of action had arisen the court said (p. 61) : "Undoubtedly, the blow injured the optic nerve at the time it was given, but plaintiff did not know that, and had no means of ascertaining it. His eyesight was not perceptibly affected. He continued his work, stopping only long enough to have the wound on the forehead dressed. He had no cause of action at that time under the Employers' Liability Act. His cause of action was in process of development, but without knowledge of this fact on his part, or means of knowledge. The first symptom that arose suggesting the possibility that his eye was injured was not sufficient to excite the slightest alarm in his physician, whose opinion dissipated plaintiff's fears. He had no knowledge of even what might happen until April 23, 1919, which was within one year

prior to this suit, unless the symptom, above mentioned be deemed knowledge, but we think it should not. Plaintiff's cause of action did not arise until he lost his eye. It is self-evident that one cannot sue until his cause of action arises." (See also *Baldwin* v. *Scullion, supra; Kropp* v. *Parker,* 8 F. Supp. 290.)

It must be borne in mind that we are not now dealing with what may be termed a disfiguring injury, compensation for which is specifically provided for by the Workmen's Compensation Law, but with an injury which without any marring effect resulted in temporary total disability to work.

We think it unnecessary to answer that portion of the reserved question which relates to the giving of notice of the injury. Section 7501, *supra,* provides that "no proceedings under this chapter for compensation for an injury shall be maintained unless a notice of the injury shall have been given to the employer as soon as practicable after the happening thereof." This provision imposes a duty upon the employee which he must perform within the prescribed time or forfeit his right to compensation. Another portion of this section, however, provides what action on the part of the employer will absolve the employee from this duty. The portion referred to is as follows: "If medical, surgical or hospital services and supplies have been provided voluntarily by the employer * * * the giving of a notice of the injury shall not be required." As we have already seen it appears from the stated facts that on December 4, 1935, the employee went to the employer for the purpose of obtaining medical attention which was duly and voluntarily given and a diagnosis made of the employee's condition. This occurred after the injury and before the claim for compensation was made. The effect of this under the statute was to dispense with the necessity of giving the notice of injury required by

74

the statute. (*Abdul* v. *American Factors*, 32 Haw. 503, 512, 513.)

For the foregoing reasons the reserved question is answered in the affirmative.

*J. Wiig*, Deputy Attorney General, for the Industrial Accident Board.

*W. C. Tsukiyama*, City and County Attorney, and *J. R. Desha*, Deputy City and County Attorney, for the City and County.

PETERS, J., dissents.