[Civ. No. 9853. Fourth Dist., Div. Two. Jan. 13, 1970.]

ANAHEIM GENERAL HOSPITAL et al., Petitioners, v. WORKMEN'S COMPENSATION APPEALS BOARD and KATHLEEN C. CRAIG, Respondents.

## COUNSEL

McLaughlin, Evans, Dalbey & Cumming and Robert H. Gillham for Petitioners.

Musick, Peeler & Garrett and Joseph A. Saunders as Amici Curiae on behalf of Petitioners.

Everett A. Corten, Nathan Mudge, Byhower, Longley & Petherbridge and C. M. Longley for Respondents.

## OPINION

**KERRIGAN, Acting P. J.**—The petitioners, Anaheim General Hospital, Inc. and its insurance carrier, Continental Casualty Company, seek review of a decision (Opinion and Order Denying Reconsideration) of the Workmen's Compensation Appeals Board awarding benefits to a student nurse for a back injury she sustained on December 5, 1967, when she slipped off a stool at the hospital.

Amicus curiae represents the California Hospital Association, a nonprofit corporation, consisting of 500 institutional members.

The petitioners and amicus curiae contend that the applicant, Kathleen C. Craig, was strictly a student and that no employer-employee relationship existed between her and the hospital. The respondents maintain that the girl occupied the dual role of student-employee at the time of the fall.

To alleviate the nationwide shortage of nurses, the federal government has inaugurated a series of programs for the purpose of encouraging young women to enter the profession. These recruiting programs are generally designed to provide financial assistance to prospective nurses by subsidizing some of the costs of their education.

On the date of injury, the applicant was enrolled as a full-time student at the Vocational Nursing School of California, an accredited institution. Her tuition costs were paid by the federal government. The government also furnished the applicant with a weekly maintenance allowance, and paid the school the sum of $.80 for each hour of formal instruction accorded her.

In addition to their academic training, both medical and vocational nurses require clinical experience to obtain a license. This practical learning can only be attained in a hospital setting. In order to provide its students with the on-the-job training necessary to comply with state licensing laws (see Cal. Admin. Code, tit. 16, § 2557), the Vocational Nursing School of California entered into a contract with the petitioner, Anaheim General Hospital, in which the school agreed to furnish classes of 15 students to the hospital for training. The school was also required to furnish a teacher, acceptable to the hospital, to assist in the training of the students. The teacher was to be an employee of the hospital and her salary was to be paid by the hospital. The hospital further agreed to pay the school $.45 an hour per student for time spent in the hospital by each student. Apparently, this was some type of guaranty to the school that in the event a student discontinued the course before completion, the school would be partially indemnified for her failure to complete the course as, in this event, no further federal contribution would be forthcoming.

The practical training consisted of two hours classroom instruction and six hours of floor duty daily. While on the floor, the students cared for patients in numerous ways, such as feeding and bathing them and making their beds. When their training had progressed sufficiently, students were also authorized to administer medications and to change dressings.

Following a full-fledged hearing in connection with the applicant's claim for benefits, the referee determined that although there was *no* evidence

of an employment contract between the student and the hospital, the services rendered by the applicant benefitted the hospital's patients. The referee concluded that the applicant was an employee in that she rendered services having a value of at least $.45 per hour and, while she did not receive the actual money, she did receive consideration in the form of the school's willingness to accept her as a student despite the eventuality it might not be paid for the full course by the government in the event she dropped out. The referee recommended that an award issue in favor of the applicant. The petitioners filed a Petition for Reconsideration. The Board issued its Opinion and Order Denying Reconsideration.

Stated succinctly, the sole issue is whether the applicant was an "employee" within the meaning of the California Workmen's Compensation Act at the time the injury was sustained.

" 'Employee' means every person in the service of an employer under any appointment or contract of hire or apprenticeship, express or implied, oral or written. . . ." (Lab. Code, § 3351) with certain exceptions not here pertinent. (See Lab. Code, § 3352.) "Any person rendering service for another, other than as an independent contractor, or unless expressly excluded [under the Workmen's Compensation Act] is presumed to be an employee." (Lab. Code, § 3357.) This presumption, together with evidence of a contract of employment for hire, casts upon the alleged employer the burden of overcoming the presumption. (*Gale* v. *Industrial Acc. Com.*, 211 Cal. 137, 141 [294 P. 391].)

Petitioners raise two key issues in their attack on the award: (1) The evidence is insufficient to establish that the applicant was performing "services" for the hospital within the meaning of sections 3351 and 3357 of the Labor Code; and (2) the record is totally devoid of any evidence that "a contract of hire or apprenticeship" existed between the hospital and the applicant as required by section 3351 of the Code.

"When the board is determining the status of [a claimant] as an 'employee,' it must look to the substance and essence of the relationship between the [applicant] and the party sought to be charged as the employer." (*Pruitt* v. *Workmen's Comp. App. Bd.*, 261 Cal.App.2d 546, 552 [68 Cal.Rptr. 12]; see also *Van Horn* v. *Industrial Acc. Com.*, 219 Cal.App.2d 457 [33 Cal.Rptr. 169].) No special test, or fact, or circumstance has been found to give a conclusive answer to the question and, in the last analysis, each case must turn upon its own peculiar facts and circumstances. (*Schaller* v. *Industrial Acc. Com.*, 11 Cal.2d 46, 52 [77 P.2d 836]; *Bates* v. *Industrial Acc. Com.*, 156 Cal.App.2d 713, 719 [320 P.2d 167].)

In determining whether a student receiving on-the-job training is an employee of a third party, the following factors are significant: (1)

Whether there is a valid consideration for the alleged contract of employment; (2) whether the third party has the right to hire or discharge the student independently of the school authorities; and (3) whether the third party has the right to direct and control the pupil in the performance of his vocational duties. (*Union Lumber Co.* v. *Industrial Acc. Com.,* 12 Cal.App. 2d 588, 594 [55 P.2d 911].)

█ In caring for patients, the applicant performed numerous functions which benefitted the hospital. In consideration thereof, the hospital paid the school $.45 an hour for her work. Although the money was paid directly to the school, the payment represented a substantial benefit to the applicant and the other students since the school was induced to enroll the youngsters without charging any tuition over and above the amount paid by the government, notwithstanding the contingency that the student might leave the school before completing the course of instruction, in which event the school would sustain financial loss.

█ It is not necessary in establishing the employer-employee relationship that the compensation be paid directly to the employee (*Union Lumber Co.* v. *Industrial Acc. Com., supra,* 12 Cal.App.2d 588, 595) or that the payment for services be characterized as "wages," so long as the service is not gratuitous. (*Pruitt* v. *Workmen's Comp. App. Bd., supra,* 261 Cal. App.2d 546, 552; see *Gabel* v. *Industrial Acc. Com.,* 83 Cal.App. 122 [256 P. 564].) The form of remuneration is not controlling, and "[a] court will look through form to determine whether consideration has been paid for services." (*Van Horn* v. *Industrial Acc. Com., supra,* 219 Cal.App. 2d 457, 466.) Vocational instruction, standing alone, has been regarded as sufficient consideration to uphold the existence of a contract. (*Union Lumber Co.* v. *Industrial Acc. Com., supra.*)

█ Petitioners contend that the nominal hourly stipend was not reflective of any benefit to the hospital, but was merely an attempt by the hospital to aid in alleviating the shortage of licensed vocational nurses, and that the only benefit accruing to it would be from the ultimate increase in the number of licensed vocational nurses. However, the evidence indicates that the hospital profited from the services rendered by the students as it did not have to increase its staff, notwithstanding a substantial increase in its patient caseload. Furthermore, the referee found some evidence of a staff reduction.

The services herein were rendered on premises which were under the exclusive direction and control of the hospital and under the supervision of its employees, including the teacher supplied by the school. (See *Union Lumber Co.* v. *Industrial Acc. Com., supra,* 12 Cal.App.2d 588, 594; *State Comp. Ins. Fund* v. *Industrial Acc. Com.,* 124 Cal.App.2d 1, 5-6 [268

P.2d 40].) It can be reasonably inferred therefrom that the students' institutional privileges could be terminated by the hospital for any infraction of its rules or for unsatisfactory services.

▓ Although there is a conflict in the compensation cases, the better view is that student teachers and student nurses are employees. (See *State Comp. Ins. Fund* v. *Industrial Acc. Com.,* 22 Cal. Comp. Cases 212; *Pacific Employers Ins. Co.* v. *Industrial Acc. Com.,* 9 Cal. Comp. Cases 295; cf. *Batiste* v. *Industrial Acc. Com.,* 30 Cal. Comp. Cases 11.)

In support of their first contention, petitioners also argue that any attempt to apply the presumption of section 3357 of the Labor Code to the activities of the applicant is a violation of article XX, section 21 of the California Constitution, since the constitutional grant of power to the Legislature to enact workmen's compensation laws requires that benefits be extended only to workmen or employees, not to students performing educational activity in order to meet the state's licensing requirements for vocational nurses. (Bus. & Prof. Code, § 2866; Cal. Admin. Code, tit. 16, § 2550 et seq.) The argument is not persuasive. The industry may be held liable where there is a contract of employment with a student, as distinguished from situations where the student is a volunteer, or is not performing services, or is an independent contractor. (*Union Lumber Co.* v. *Industrial Acc. Com., supra,* 12 Cal.App.2d 588, 594.) ▓ The fact that the services performed for the hospital complied with certain educational requirements does not thereby destroy the possibility of an employer-employee relationship; a person may occupy the dual status of employee and student in respect to an activity. (*Van Horn* v. *Industrial Acc. Com., supra,* 219 Cal. App.2d 457, 465; *Union Lumber Co.* v. *Industrial Acc. Com., supra;* 2 Hanna, California Law of Employee Injuries and Workmen's Compensation (2d ed.), § 5.01(2) (a).)

Petitioners' final attack on the award is to the effect that there must be an express or implied contract to establish the relationship of employer and employee and, here, the referee and the Board found that no contractual relationship existed between the applicant and the hospital, thereby precluding an award under section 3351 of the Labor Code. ▓ It appears manifest under statutory and case law that a contractual relationship must exist between the parties before a claimant is entitled to benefits. (Lab. Code, § 3351; *Union Lumber Co.* v. *Industrial Acc. Com., supra,* 12 Cal. App.2d 588, 594.) Consequently, the foregoing finding is either erroneous or petitioners would be entitled to an annulment of the award.

In *Pruitt* v. *Workmen's Comp. App. Bd., supra,* 261 Cal.App.2d 546, an inmate of a county jail was loaned to a municipality pursuant to a prisoner-work agreement between the county and city; he was assigned to

work on a city sewer project under the supervision of city employees; he received a carton of cigarettes from the city for each week he worked; he sustained injury while working on the sewer project; the reviewing court held that an implied contract of hire existed between the municipality and the applicant, based on the factors of control and consideration; consequently, the claimant was determined to be an "employee" within the meaning of section 3351 of the Labor Code and thereby entitled to benefits.

In the case under review, the Board should have concluded that an implied contract of employment existed between the hospital and applicant, the existence and terms of which were manifested by the conduct of the respective parties. (See Civ. Code, § 1621.) But since the erroneous finding does not detract from the validity of the award, the decision (Opinion and Order Denying Reconsideration) shall remain undisturbed.

The award is affirmed.

Tamura, J., concurred.