MARY M. EVANSON, FRED T. EVANSON and MARY M. EVANSON, Administratrix of the Estate of THOMAS F. EVANSON, Deceased, Plaintiffs-Appellants, Cross Appellees, *v.* UNIVERSITY OF HAWAII, SHOSUKE GOTO, PEAIRS WILSON, MITSURU FURUYA, JOHN DOE and JANE DOE, Defendants-Appellees, Cross Appellants.

No. 4999.

MARCH 30, 1971.

RICHARDSON, C.J., MARUMOTO, ABE AND LEVINSON, JJ., CIRCUIT JUDGE HAWKINS IN PLACE OF KOBAYASHI, J., DISQUALIFIED.

OPINION OF THE COURT BY LEVINSON, J.

This case arose out of an accident which resulted in the death of Thomas Evanson, a full-time sophomore student at the University of Hawaii during the fall term of 1967. The accident occurred on Sunday, October 15, 1967 at the University of Hawaii's Pearl City Instructional Facility. The Instructional Facility consisted of a tract of raw land which was to be worked by students who had enrolled in a course entitled "Agriculture 299, Agriculture Practice." The course was offered by the College of Tropical Agriculture and was designed to supplement the academic and laboratory instructional program with some practical experience. In enrolling for the agricultural practice course Thomas Evanson was required to execute a "Work Agreement with the University of Hawaii" which set forth the place, weekly hours and duration of his employment as well as the wages he would be paid while working at the University's Pearl City farm. The course involved the operation of heavy equipment at the Pearl City facility.

On the day of the accident the decedent was operating a tractor at the Instructional Facility, having received prior permission from defendant Shosuke Goto, Assistant Dean of the College of Tropical Agriculture. The tractor overturned, pinning Evanson underneath. Evanson re-

mained in this condition for several hours until he was discovered by the farm manager Mitsuru Furuya. Evanson was then taken to Queen's Medical Center where he died shortly thereafter.

The parents of the decedent, Mary M. Evanson and Fred T. Evanson, brought suit against the University of Hawaii and the defendants Goto, Wilson and Furuya in the First Circuit Court to recover damages for the wrongful death of their son. In their pleadings the defendants asserted the defense that the Workmen's Compensation Law was the exclusive remedy available to the plaintiffs. On the same theory the defendants also filed a motion for summary judgment. On June 2, 1969 the trial court entered an order which (1) granted a motion filed by the plaintiffs to strike as insufficient the defendants' workmen's compensation defense and (2) denied the defendants' motion for summary judgment.

A non-jury trial on the merits of the plaintiffs' tort action was had. At the end of the plaintiffs' presentation of their case, the trial court granted the defense motions dismissing the case as to all the defendants except the University of Hawaii, hereinafter referred to as the defendant. The taking of testimony was concluded the next day. On February 26, 1970 the trial court entered its findings of fact, conclusions of law, and judgment in favor of the remaining defendant, the University of Hawaii. The plaintiffs have appealed and the defendant has cross-appealed.

On appeal the plaintiffs argue that the trial court's findings of fact supporting the judgment are clearly erroneous. The defendant contends that the trial court erred in entering its order of June 2, 1969 which (1) struck as insufficient the defense of the Workmen's Compensation Act and (2) denied the defendants' motion for summary judgment. Because we agree with the defendant that the

Workmen's Compensation Law is the plaintiffs' exclusive remedy we find it unnecessary to decide the allegations of error raised by the plaintiffs.

Workmen's compensation laws were enacted as a humanitarian measure, to create legal liability without relation to fault. *Silva* v. *Kaiwiki Mill Co.*, 24 Haw. 324, 330 (1918). They represent a socially enforced bargain: the employee giving up his right to recover common law damages from the employer in exchange for the certainty of a statutory award for all work-connected injuries. Since liability is made dependent on a nexus to the job, the essential prerequisite for coverage under workmen's compensation acts is the existence of an employer-employee relationship. In determining whether the decedent had entered into such an arrangement with the defendant our starting point must be the definitional requirements set forth in HRS § 386-1 of the Hawaii Workmen's Compensation Law. These definitions provide in relevant part:

"Employee" means any individual in the employment of another person except where such employment is solely for personal, family, or household purposes.

. . . .

"Employer" means any person having one or more persons in his employment.

. . . .

"Employment" means any service performed by an individual for another person under any contract of hire or apprenticeship, express or implied, oral or written, whether lawfully or unlawfully entered into.

Thus, these statutory definitions make it apparent that, in the present case, coverage under the act is dependent on the existence of a "contract of hire or apprenticeship," either express or implied, between the university and the decedent. We hold that the "Work Agreement with the University of Hawaii," executed by the decedent, consti-

tuted a valid contract of hire. Therefore the plaintiffs' exclusive remedy for the decedent's death lies within the statutory provisions of the Workmen's Compensation Law and not at common law. HRS § 386-5.

In enrolling for the agricultural practice course, Agriculture 299, the decedent executed an express agreement with the university. This contract contains all the necessary elements of a contract of hire. It sets forth the place, weekly hours and duration of the decedent's employment as well as the wages he will be paid while working for the university. It specifies the supervisor who is to exercise control over the performance of services and contains conditions relating to termination of employment. On its face the agreement clearly satisfies the requirements of a contract of hire within the meaning of the Workmen's Compensation Law.

The plaintiffs argue, however, that there can be no valid contract of hire between the decedent and the university because the decedent never assented to the employment relationship. They contend that: (1) his relationship to the university was of an exclusively academic nature; (2) his enrollment in Agriculture 299 was to attain knowledge of practical agricultural techniques and not to obtain employment; (3) he did not bargain for employment and, therefore, could not have entered into a valid contract of hire. We find these contentions without merit.

The fact that the activities engaged in by the decedent may have fulfilled certain of his educational requirements does not thereby destroy the possibility of an employer-employee relationship existing between Evanson and the university. We agree with those courts which have recognized that a person may occupy the dual status of an employee and student with respect to an activity. *Anaheim General Hospital* v. *Workmen's Compensation Appeals Board,* 3 Cal. App. 3d 468, 474, 83 Cal. Rptr. 495, 499

(1970); *University of Denver* v. *Nemeth,* 127 Colo. 385, 390, 257 P.2d 423, 426 (1953); *Judd* v. *Sanatorium Commission of Hennepin County,* 227 Minn. 303, 307-08, 35 N.W. 2d 430, 433-34 (1948); *Union Lumber Co.* v. *Industrial Accident Commission,* 12 Cal. App. 2d 588, 594, 55 P.2d 911, 914 (1936). This view is strengthened by the provisions of our own compensation statute. The legislature has expressly exempted from the definition of employment certain specified student activities. HRS § 386-1. The exemption does not apply, however, to the present agreement. We believe the legislature intended to protect all student employees except those specifically excluded. *University of Denver* v. *Nemeth, supra* at 390, 257 P.2d at 426. The present employment arrangement falls, therefore, within the coverage of the statute.

Finally, it should be emphasized that in construing coverage under workmen's compensation laws courts ought to guard against narrow constructions which exclude an employee from the benefits conferred by the act. Workmen's compensation laws are highly remedial in character. Their paramount purpose is to provide compensation for an employee for all work-connected injuries, regardless of questions of negligence and proximate cause. *In re Ikoma,* 23 Haw. 291, 296 (1916). Courts should therefore give them a liberal construction in order to accomplish their beneficent purposes. *In re Ikoma, supra* at 295; *Silva* v. *Kaiwiki Mill Co., supra* at 330; see *Acoustic, Insulation & Drywall, Inc.* v. *Labor and Industrial Relations Appeal Board,* 51 Haw. 312, 316, 459 P.2d 541, 544 (1969). We believe the above interpretation of the unambiguous language of the Hawaii compensation statute is in accordance with this admonition. Thus we hold that, at the time of his accident, the decedent was performing services pursuant to a contract of hire with the University of Hawaii and therefore the plaintiffs' exclusive remedy is under the

Workmen's Compensation Law. The circuit court's order striking the defendant's defense of the Workmen's Compensation Law and denying the defendant's motion for summary judgment is reversed.

*Ted Gamble Clause* and *L. Richard Fried, Jr. (Pratt, Moore, Bortz & Case* of counsel) for plaintiffs-appellants, cross-appellees.

*Jack C. Morse,* Deputy Attorney General (*Bertram T. Kanbara,* Attorney General, of counsel) for defendants-appellees, cross-appellants.