ALLAN H. K. CHUNG, Claimant-Appellee, *v.* FOOD PANTRY, LTD., Employer-Appellant, and PACIFIC INSURANCE CO., LTD., Insurance Carrier-Appellant

NO. 6837

APRIL 23, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* Employer-Appellant Food Pantry, Ltd. and Insurance Carrier-Appellant Pacific Insurance Co., Ltd. appeal the decision of the Labor and Industrial Relations Appeals Board affirming the lump sum award of one thousand six hundred dollars to Claimant-Appellee Allan H. K. Chung for disfigurement. The issues before this court are (1) whether the requirement under §

97-52, Revised Laws of Hawaii (RLH) 1955[1] that a claim for workmen's compensation be filed within two years of the date at which the employee discovered his injury begins to run after an employer has made its last voluntary payment of compensation benefits, (2) whether the ten-year limitation period on the jurisdiction of the director of Labor and Industrial Relations under Hawaii Revised Statutes (HRS) § 386-89 applies to the instant case, and (3) whether the fifteen-year period between the last voluntary compensation payment and employee's filing of a claim was unreasonable. We find in the negative on all three issues.

On December 17, 1960, Claimant Chung sustained an injury by an accident arising in the course of his employment with Employer Food Pantry, Ltd., whose worker's compensation liability insurance carrier was Pacific Insurance Co., Ltd. On December 22, 1960, Employer filed a "Report of Industrial Accident" with the Director of Labor and Industrial Relations pursuant to § 97-80, RLH 1955.[2] Thereafter, Employer paid for medical, surgical and hospital services pursuant to § 97-22, RLH 1955[3] and began making temporary total disability benefits under § 97-25(b).[4] Final compensation payments terminated some time prior to March 1, 1961, the date the Employer submitted his final report to the Director of Labor and Industrial Relations.

The Employer paid no benefits pursuant to § 97-26(a), RLH 1955[5] for disfigurement; the final surgeon's report indicated there would be none.

On August 26, 1976, over fifteen years after the submission of the Employer's final report, Claimant filed an Employee's Claim for Worker's Compensation Benefits seeking a disfigurement award for residual scarring resulting from his 1960 injury. After full hearing, the Director of Labor and Industrial Relations awarded Claimant the lump sum of one thousand six hundred dollars for his dis-

---

[1] Current version at HRS § 386-82.

[2] Current version at HRS § 386-95.

[3] Current version at HRS § 386-21.

[4] Current version at HRS § 386-31(b).

[5] Current version at HRS § 386-32(a).

figurement. On August 16, 1977, the Labor and Industrial Appeals Board affirmed the award.

Employer contends, as it has from the inception of the August 26, 1976 claim for disfigurement, that the claim for disfigurement was barred by the time limitation provision of § 97-52, RLH 1955.[6] Section 97-52 provides in pertinent part:

The right to compensation under this chapter shall be barred unless a written claim therefore is made to the director within two years after the date of the injury.

Claimant argues to the contrary that because Employer made voluntary compensation payments, the time limitation of § 97-52 is inapplicable to him under § 97-53, RLH 1955:[7]

If payments of income and indemnity benefits have been made voluntarily by the employer or his insurance carrier, the making of a claim within the time prescribed in Section 97-52 shall not be required.

Employer responds that the words "the making of a claim within the time period prescribed in Section 97-52 shall not be required" must be construed to mean "that the limitation period [of § 97-52] does not begin to run until the final voluntary payment is made."

We find Employer's argument unpersuasive. The legislative history to §§ 97-53 and 97-52 does not reflect an intent that a limitation period apply to the filing of claims where the employer has made voluntary compensation payments. Moreover, our Supreme Court has made clear that "[w]orkmen's compensation laws should be liberally construed in order to accomplish the intended beneficial purposes of the statute." *Yamasaki v. Center Properties,* slip op. at 4 (No. 6636, April 3, 1981); *Evanson v. University of Hawaii,* 52 Haw. 595, 483 P.2d 187 (1971).

Accordingly, we find Claimant's claim for disfigurement was not barred by the limitations period of § 97-52, RLH 1955.

Employer's contention that under HRS § 386-89, the director lost jurisdiction to consider Employee's claim for disfigurement must also fail. The pertinent provision of §386-89(c) reads as follows:

On the application of any party in interest, supported by a

---

[6] Current version at HRS § 386-82.

[7] Current version at HRS § 386-83.

showing of substantial evidence, *on the ground of a change in or a mistake in a determination of fact* related to the physical condition of the injured employee, the director may, at any time prior to ten years after date of the last payment of compensation . . . review a compensation case. . . .

(Emphasis supplied.)

Section 386-89(c) deals with applications based upon either (1) a change in fact or (2) a mistake in a determination of fact, relating to the physical condition of the claimant. No such application was made here so the ten-year statute of limitations contained in the section is simply inapplicable here. Consequently, we do not reach, in this case, the question of the applicability of the ten-year statute to a situation where there is such a claim but there has been no agreement and no award.

Employer further argues that Claimant's claim must be barred because "the fifteen years between the final voluntary payment of compensation and the filing of a claim is patently unreasonable." However, Employer has failed to show that it incurred prejudice as a result of the delay. In these circumstances and in light of the purposes of the statute, we see no bar in the delay as a matter of law.

Therefore, the decision of the Labor and Industrial Appeals Board is affirmed.

*Stanford Manuia (John Gamino* on the briefs, *Woo, Kessner & Duca* of counsel) for appellants.

*Frank Yap, Jr. (Shim, Sigal, Tam & Naito* of counsel) for appellee.