TINA TOMITA, Claimant-Appellee, *v.* HOTEL SERVICE CENTER, Employer-Appellant, and HAWAIIAN INSURANCE & GUARANTY COMPANY, Insurance Carrier-Appellant

NO. 7019

MAY 5, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* Appeal is taken from the decision of the Labor and Industrial Relations Appeals Board's (Appeals Board) findings that appellee's claim was timely filed and compensable and that she was entitled to 10% permanent partial disability for the injuries she sustained.

The employer and insurance carrier have, in this appeal, raised one issue, and that is whether the appellee's claim for workman's compensation benefits was barred by the time limitation provision of HRS § 386-82. We hold that it was not.

The relevant facts are as follows: The appellee, Tina Tomita, was employed as a cocktail waitress at the Kon-Tiki Restaurant in the Sheraton-Waikiki Hotel. On June 2, 1975, while so employed, she slipped on a wet floor while attempting to lift a bucket of ice cubes. She felt some pain in her back at that time, notified her employer of the incident, and continued working. She did not seek medical attention and continued to work, being careful to avoid any heavy lifting or bending, until on July 12, 1975, while walking her dog, she

experienced such severe pain that she had to see a physician, Dr. Andrews. She related the incident of June 2 to him and he classified it as an aggravation of an industrial accident, prescribed pain remedies and gave the appellee some exercises to strengthen her back. Because of the pain she had begun to experience on that day, the appellee, for the first time since the original incident, took three days off from work to recuperate. She returned to work and later that year, in October 1975, while on a picnic, again experienced a recurrence of the disabling pain that had forced her to seek medical attention in July. This time, she was taken to the Emergency Room at Kaiser Medical Center where Dr. Brizzolara treated her for severe back pains. She was unable to work for five days thereafter. She continued working until February 1977 when she began having severe pains again and was referred to Dr. Lum. Dr. Lum also treated her condition as being an industrial accident and referred his bills to the appellant-insurance carrier for payment. Two previously filed reports, on January 1, 1976, and January 1, 1977, by the claims division of the Department of Labor and Industrial Relations recited that during this interim period, appellee's claim for benefits was "pending investigation." On May 25, 1977, Dr. Lum was notified by the appellant-insurance carrier that the appellee's claim was being denied.

Appellee then sought legal advice and a claim was filed on June 9, 1977. A hearing was conducted and a decision in favor of the appellee was rendered on October 24, 1977. The employer and insurance carrier appealed the decision to the Appeals Board which upheld the division's decision and found that the claim was timely filed and not barred by the statute of limitations. From the decision of the Appeals Board this appeal is taken.

We begin our analysis of this issue by noting that in this jurisdiction our courts have consistently adopted and applied a liberal interpretation of the laws comprising and relating to the Worker's Compensation Act and have recently observed that "[w]orker's compensation laws should be liberally construed in order to accomplish the intended beneficial purposes of the statute." *Evanson v. University of Hawaii,* 52 Haw. 595, 483 P.2d 187 (1971); *Hun, et al. v. Center Properties,* 63 Haw. 273, 626 P.2d 182 (1981). *Chung v. Food Pantry, Ltd.,* 2 Haw. App. 136, 627 P.2d 288 (1981). Given this mandate, we proceed.

The statute in question, in relevant part, provides:

HRS § 386-82 *Claim for compensation; limitation of time.* The right to compensation under this chapter shall be barred unless a written claim therefor is made to the director of labor and industrial relations (1) *within two years after the date at which the effects of the injury for which the employee is entitled to compensation have become manifest,* and (2) within five years after the date of the accident or occurrence which caused the injury. (Emphasis added.)

Appellants argue that the effect of appellee's injury became manifest on June 2, 1975, when she realized that she had hurt her back and gave notice to her employer of the incident. Therefore, they argue, the claim filed on June 9, 1977, was untimely within the meaning of HRS § 386-82. We disagree.

Obviously then, this case turns on the meaning to be ascribed to the language in HRS § 386-82 that effects of an injury must be manifest before the statute begins to run. The evolution of the statute to its present language and the cases interpreting previous limitation clauses are, to us, clear indication of a legislative intent to begin the running of the statute at a point where the employee's work-related injury has had a disabling effect that prevents the employee from working at his or her normal work activity. *See* § 97-52, Revised Laws of Hawaii, 1955; § 97-91, Session Laws of Hawaii, 1963; Standing Committee Report 334 on Senate Bill 853 (1963 Legislative Session); HRS § 386-82; *In Re Palama,* 34 Haw. 65 (1937); *Highway Super Market v. Matsuo,* 50 Haw. 519 (1968).

*In Re Palama, supra,* our supreme court liberally construed the notice requirement of the Workmen's Compensation Act to begin the running of the statute of limitations when the injured employee became disabled and unable to do his work. Other jurisdictions whose statutory provisions are similarly worded are in accord with this liberal construction view. *See, e.g., Bourgeois v. Brown and Root,* (La.) 303 So.2d 217 (1974); *Mofford v. Industrial Commission,* 8 Ariz. App. 87, 443 P.2d 449 (1968); *Patterson v. Bessemer Coal, Iron and Land Co.,* 192 F. Supp. 805 (1961).

Applying the standards mandated by the Hawaii Supreme Court, we find no error in the Appeals Board's decision that the appellee's injury did not become manifest within the meaning of HRS § 386-82 until its effects forced her to seek medical attention and prevented her from working on July 12, 1975. Therefore, we

affirm their decision that the filing of notice on June 9, 1977 was timely. Affirmed.

*Gary O. Galiher & Gerard A. Jervis* for claimant-appellee.

*John A. Roney* for employer-appellant and insurance carrier-appellant.