**PAUL S. MIYAKE**, Claimant–Appellant, v. **WELDERS, INC.**, Employer–Appellee, and **FIRST INSURANCE COMPANY OF HAWAII, LTD.**, Insurance Carrier–Appellee

NO. 13760

(CASE NO. AB 88–137 (2–85–04612))

MARCH 7, 1990

LUM, C.J., PADGETT, HAYASHI, AND WAKATSUKI, JJ., AND RETIRED JUSTICE NAKAMURA ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY LUM, C.J.

Claimant–Appellant Paul Miyake appeals from a decision of the Labor and Industrial Relations Appeals Board (Appellate Board) that Miyake's Workers' Compensation claim is barred by the applicable statute of limitations, Hawaii Revised Statutes (HRS) § 386–82 (1985). The Appellate Board held that the discovery of pleural plaquing in Miyake's lung, a condition which causes no loss of function and has no treatment, marks the beginning of

the limitation time period. We disagree and reverse the Appellate Board decision.

## I.

Miyake's work as a welder with Welders, Inc., exposed him to asbestos fibers. February 28, 1980 is the date of exposure stipulated to by the parties.

On October 10, 1981, Miyake was examined by Dr. Druger, a Board–certified physician in internal medicine and pulmonology to whom Miyake had been referred. Based upon an examination and a review of chest x–rays, Dr. Druger diagnosed Miyake as having asbestos pleural disease in both lungs. The disease consists of scarring and pleural plaques, which are calcium deposits, in the lungs caused by exposure to asbestos. On October 10, 1981, Miyake knew his disease to be work related; he advised Dr. Druger that most of his exposure to asbestos had been as a welder in the shipyards.

Dr. Druger testified that because there is no treatment for Miyake's condition, he never actually treated him. However, Dr. Druger does see Miyake on a yearly basis to give him an annual chest x–ray and breathing test to determine if he is developing any of the long term possible results of asbestos exposure, such as cancer. In Dr. Druger's opinion, Miyake has a good prognosis but runs a small but significant risk of developing cancer, about one chance in two hundred.

Dr. Foti, an expert for the employers/insurance carriers below, wrote that pleural plaques do not cause any impairment of lung function or symptoms of any type in patients who are not further exposed to high levels of asbestos dust.

Miyake has enjoyed the same physical activities since 1981 as he did prior to 1981. He has not experienced any breathing difficulties.

The parties have stipulated that to date, Miyake has not been disabled for work by his asbestos related pulmonary disease.

Despite Miyake having knowledge of the work relatedness of his condition since October 10, 1981, all of his workers' compensation claims were filed on December 11, 1984.

## II.

The Director of Labor and Industrial Relations, in his decision of February 22, 1988, ordered Welders, Inc., to pay for such medical care, services and supplies as the nature of the injury may require. (Claims against other employers/insurers were dismissed based upon the last injurious exposure rule, and those others were dropped from the appeal by stipulation of the parties.)

The Director's decision was appealed to the Appellate Board. The Appellate Board reversed on the grounds that Miyake's claim was barred by the statute of limitations because of the delay from the time when Miyake learned from Dr. Druger of his work related condition in 1981 to the time Miyake's claims were filed in 1984.

## III.

The relevant statute, HRS § 386–82, reads:

**Claim for compensation; limitation of time**. The right to compensation under this chapter shall be barred unless a written claim therefor is made to the director of labor and industrial relations (1) within two years after the date at which the effects of the injury for which the employee is entitled to compensation have become manifest, and (2) within five years after the date of the accident or occurrence which caused the injury.

The foregoing limitations of time shall not apply to a claim for injury caused by compressed air or due to occupational exposure to, or contact with, arsenic, *asbestos*,

benzol, beryllium, zirconium, cadmium, chrome, lead, fluorine, or other mineral or substance with carcinogenic properties, as incorporated in the Hawaii Occupational Safety and Health Standards, or to exposure to X–rays, radium, ionizing radiation, or radioactive substances, but such claim shall be barred unless it is made to the director, in writing, within two years after knowledge that the *injury* was proximately caused by, or resulted from the nature of, the employment. The claim may be made by the injured employee or the employee's dependents or by some other person on the employee's or their behalf. The claim shall state in ordinary language the time, place, nature, and cause of the injury. (Emphasis added).

The present case, involving exposure to asbestos, is determined by the second paragraph of HRS § 386–82. Of particular importance is the meaning of the word "injury" as used in that paragraph.

Welders, Inc. espouses a rule that any condition related to asbestos exposure can be an injury which marks the beginning of the statute of limitations time period. This rule, however, imposes a limitation period which could defeat claims brought under the extended carcinogen paragraph that would not be defeated under the first paragraph dealing with normal injuries. *See, e.g., Tomita v. Hotel Serv. Center*, 2 Haw. App. 157, 628 P.2d 205 (1981) (per curiam). Further, this rule would potentially deprive a claimant who has a benign or ignorable condition that later becomes severe or disabling.

We hold that a condition causing no loss of function and having no treatment should not be considered an injury that begins the timing period which limits recovery under the workers' compensation act. This holding accomplishes the intended beneficial purpose of the workers' compensation act.[1]

---

[1] As noted in *Tomita v. Hotel Service Center*, 2 Haw. App. at 158, 628 P.2d at 207:

Miyake's claim should not be time barred. Therefore, we reverse.

Reversed.

*Derek S. Nakamura* (*Gary O. Galiher* and *L. Richard DeRobertis* with him on the briefs; of counsel, Galiher DeRobertis) for Claimant–Appellant.

*Philip S. Uesato* for Employer–Appellee and Insurance Carrier–Appellee.

---

In this jurisdiction, our courts have consistently adopted and applied a liberal interpretation of the laws comprising and relating to the Worker's Compensation Act and have recently observed that "[w]orker's compensation laws should be liberally construed in order to accomplish the intended beneficial purpose of the statute." *Evanson v. University of Haw.*, 52 Haw. 595, 483 P.2d 187 (1971); *Hun v. Center Properties*, 63 Haw. 273, 626 P.2d 182 (1981); *Chung v. Food Pantry, Ltd.*, 2 Haw. App. 136, 627 P.2d 288 (1981).